WM. SEAY et al. v. WESLEY YARBOROUGH.

## *Appeal.*

1. Where it appears that the papers had been taken from the Clerk's office, to enable the trial Judge to make up the statement of the case on appeal, but had not been returned in time for the appellant to get the transcript to this Court in time, a *certiorari* will be issued to bring up the appeal.

2. The Court papers should not be taken from their proper places, and the practice of removing them leads to confusion and delay.

(*Walton* v. *Pearson*, 82 N. C., 464; *State* v. *Hunter*, at this Term; *Sparks* v. *Sparks*, 92 N. C. 359, cited and approved).

CIVIL ACTION, tried before *Gilmer, Judge,* at Spring Term, 1885, of the Superior Court of HAYWOOD county.

At the last Term of this Court, the plaintiffs, (the appellees), moved to docket and dismiss the appeal, under Rule 2, §8, and at the same Term, after notice to the plaintiffs, the defendants moved to re-instate the appeal and for a writ of *certiorari.*

The facts appear in the opinion.

*Mr. M. E. Carter,* for the plaintiffs.

*Messrs. Jos. B. Batchelor* and *Jno. Devereux, Jr.,* for the defendants.

MERRIMON, J.   It appears that at the Spring Term, 1885, of the Superior Court of the county of Haywood, the plaintiff obtained judgment against the defendant, from which the latter took and perfected an appeal to this Court, but he failed to bring the same up to the last October Term, as regularly he should have done.

At the last mentioned Term of this Court, the appellee moved upon the certificate of the Clerk of the Superior Court, under Rule 2, §8, to docket and dismiss the appeal, which motion was then allowed.

Afterwards, during the same Term, the appellant gave notice of a motion to be heard at the present Term, to set the order dismissing the appeal aside, and reinstate the latter upon the docket. He also filed his petition, stating in substance, that he had failed to bring up his appeal regularly, because the Court papers in the action had been taken from the proper files in the office of the Clerk, to enable the Judge to settle the case upon appeal; that the latter had failed to return the papers, and had not settled the case as he ought to have done, and hence, the Clerk could not send up a transcript of the record, nor could the appellant procure the same to be sent, or brought by himself, and he demanded proper relief, &c.

The material facts are in effect admitted, but the appellee insists that the appellant failed to state his case upon appeal within the time prescribed by law, and had not been prompt to urge the Judge to settle the case and return the Court papers to the office of the Clerk. It appeared, however, that the appellant's counsel did state the case upon appeal, shortly after the term of the Court at which it was taken, and served the same upon the counsel of the appellee, and the latter suggested amendments to the same, and delivered the case stated and the proposed amendment thereto, to the Judge, to be settled, and the Court papers were also handed to him. The counsel of both parties being present, agreed that the Judge should settle the case. It was stated in the argument, and not denied by the appellees' counsel, that the appellant had paid the costs of the certificate and the motion to dismiss the appeal.

The objection that the case upon appeal was not stated by the appellant, within the time prescribed by law, is without force, because the appellees' counsel suggested amendments thereto, and agreed that the Judge should settle the case. Obviously this was a waiver of such ground of objection. *Walton* v. *Pearson*, 82 N. C., 464.

The record was mainly in the papers of the action, and these the Judge had away from the file, so that the Clerk could not

prepare and send to this Court a transcript of it within the time and as the statute required him to do, nor could the appellant, for the same reason, procure a transcript and bring it up himself.

We observe that much confusion and trouble grows out of the very prevalent practice of taking the papers in the action from their proper files, and away from the place where the court is held. Such practice ought not to be encouraged by the Court. The law contemplates that such papers are to remain on the files and in the proper places of deposit, and securely kept by the Clerk of the Court. In some cases they may be removed, but they should be removed only in the cases and strictly in the way allowed by law. This is the more important, as ordinarily, the record is in, and made up from the papers, when necessary to use properly certified transcripts of it out of the Court to which it belongs. If what the papers contain is needed, copies should be taken. *State* v. *Hunter*, decided at this term.

Frequent and grievous complaints come before us, that the papers in the action have been taken from the proper files, and kept away from the custody of the Clerks for months—sometimes, that they have been lost or mislaid, to the serious detriment of the parties interested. Such evil ought to be corrected promptly.

It was insisted on the argument, that the appellant failed to bring up his appeal to the term of this Court next after it was taken, and that he had not been vigilant in urging the Judge to settle the case and return the papers of the action to the Clerk's office.

We have seen that he could not bring up the appeal, and by no fault of his own. It was scarcely decent or proper for the appellant to urge the Judge to do his duty promptly—it was not his duty to do so; he had the right to expect the Judge would do his duty within a reasonable time, and he was not bound to take action until the term of this Court to which the appeal should have come. It appears that the case had not been settled, nor had the papers been returned as late as the 16th of December, about the time the circuit to which the appeal belonged, was called at the last

October Term; but in a letter from the Judge to the Clerk of the Superior Court, dated 23rd November last, he says, "I'll do my best to get it (the case settled upon appeal) in time for you to copy and send up." The appellant might therefore reasonably have hoped, up to the time of the filing of this application, that the appeal would come up during the Term. This certainly was reasonable excuse for failing to make the application until a late day in the Term. *Sparks* v. *Sparks*, 92 N. C., 359.

It appears to our satisfaction, that it was not owing to the neglect of the appellant that his appeal failed to reach this Court at the last Term. The order dismissing the appeal at the instance of the appellee, must therefore be set aside, and the appeal reinstated on the docket, and the writ of *certiorari* must issue, commanding the Clerk of the Superior Court to certify to this Court, the record in the action mentioned in the petition.

*It is so ordered.*