No. 13,706.

HERMANN LEVY VS. MRS. ELLA LEVY RICH, ET AL.

### SYLLABUS.

#### ON MOTION TO DISMISS.

1. Agreements between counsel waiving certain matters of form and perm....ting unauthenticated copies of documents to be offered in evidence in lieu of authenticated copies, will be liberally construed by the court.

2. If original documents be used in making up the transcript, without the direction or consent of the appellant, the mistake is not imputable to him.

3. In view of the certificate of the clerk and agreement of counsel, the court found no good ground to justify a dismissal of the appeal.

ON THE MERITS.

During the existence of a commercial partnership, service on one of the members is good against all; but after the dissolution of such partnership every member intended to be sued, must be served with a separate citation.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*Benjamin Rice Forman,* for Plaintiff, Appellant.

*William S. Benedict,* for Defendants, Appellees.

The opinion of the Court was delivered by BREAUX, J., on motion to dismiss.

On the merits by PROVOSTY, J.

ON MOTION TO DISMISS.

BREAUX, J. The grounds of the motion filed by the appellee to dismiss the appeal are that a number of papers, from page ten to page sixty-six, inclusive, purporting to be a copy of the record relied upon as the basis of the action are, or appear to be, original papers filed in the Civil District Court; that these papers are not certified to by any one as being correct.

This case was consolidated with another case having the same title but a different number, viz. 42004 and 42204. The clerk of court, in his certificate, sets forth that these cases were consolidated by agreement and tried together, but that a separate judgment was rendered in each case. In consequence of these separate judgments, two appeals were taken. On appeal, case No. 42204, is case No. 13706, and case No. 42004, is case No. 13697.

While these consolidated cases were being tried in the District Court, counsel for the respective parties to the suit entered into an agreement as follows, to-wit: "By Mr. Moise: I now offer in evidence the record in the case of Saulsbacher and Plumber, Receivers; vs.

A. & S. Levy—Herman Levy subrogated, being the entire record to date. It is agreed that a copy be submitted to oposite counsel, as a substitute, in lieu of an authentic act."

Appellee, in support of the motion to dismiss the appeal, sets forth that the pages in question of the transcript are typewritten, with a cover (which is the backing of the papers) on which is endorsed a statement saying that they were filed in evidence in the lower court on the 21st of June, 1899; that these papers purport to be a copy of a record (without any certificate) of the United States Circuit Court. Counsel for appellee urges that, while the whole of this record is referred to by appellants as having been filed in the lower court, there was no agreement entered into under which original papers could be transmitted from the record of the lower court to the Supreme Court.

The certificate of the clerk, in due form, sets forth that the seventy pages of the transcript contain a true and complete transcript of all the proceedings had, documents filed and evidence adduced upon the trial of the present case in No. 42204, except the note of evidence and testimony already certified and sent to the Supreme Court on appeal of the same title, case No. 42004 of the docket, by agreement, consolidated and tried together, but separate judgment was rendered in each case.

We think it is manifest that an agreement was entered into between counsel regarding papers which were offered and admitted in evidence. The agreement may have been reduced to writing or dictated hastily; none the less, it shows that the papers were admitted in evidence without objection. Under the agreement, we think that it must have been understood that, though the papers were not authenticated with a certificate as to their correctness, the court should admit them. The clerk, in his certificate to the transcript, certifies that they are correct copies.

Appellees urge that, at most, they are original papers and that his counsel did not consent to inserting original papers in the transcript of appeal. There is no evidence that they are original papers except a blank sheet which does not appear to be connected with the papers, on which the deputy clerk wrote "filed" and signed his name.

But if the clerk has inserted original papers of his office instead of copies, the mistake which should not have been committed is his and not the appellant's. It does not appear that the appellant

directed the clerk to use the original papers in making up the transcript. The error is, therefore, not imputable to him. The evidence was admitted by consent. The clerk certified that it is a complete transcript. We do not find ground to dismiss the appeal. No error is urged which can possibly be prejudicial to the appellee.

The motion to dismiss is, therefore, overruled.

## ON THE MERITS.

PROVOSTY, J. The plaintiff, claiming to be subrogee of a judgment rendered on the 9th of November, 1895, by the United States Circuit Court for the Fifth Circuit and Eastern District of Louisiana, in a suit entitled Sulzbacher & Plummer, Receivers, vs. A. & L. Levy *et als.*, brings the present suit against Ella Levy, wife of Isadore Rich, and Teenie Levy, wife of Leopold Cline, alleging them to be the children and sole heirs of Leon Levy, now deceased, one of the debtors *in solido* under said judgment; and to be liable under said judgment, they having accepted purely and unconditionally the succession of their said father. The defendants deny that their said father was cited in the said suit; and they plead the prescription of the debt on which said judgment is founded.

Plaintiff's counsel say in his brief—"The case turns on the single question, was the commercial firm of A. & L. Levy, composed of Alexander and Leon Levy, in existence in November 1885 when the judgment was rendered on its notes?" We think said firm had gone out of existence several years before the date mentioned. The firm was sold out under attachment in 1881. In that same year Leon Levy carried on a saloon business. In 1882 he sold out his saloon business and removed to Nicaragua where he opened a saloon in the name of L. Levy, Agent. Two years thereafter he returned to this city, and entered the employment of Isadore Rich as a clerk. He died in 1889 leaving no estate. Alexander Levy in September 1881 entered the employment of Col. W. G. Vincent, and continued in the same employment until his death in 1889. These facts show conclusively the dissolution of the firm in 1881. In the petition in which said judgment was rendered we find that the firm of A. & L. Levy is referred to as "the late firm"; that citation issued to "A. & L. Levy, *late* a commercial firm"; that the marshal returned that he had made service of the citation on "A. & L. Levy, *late* a commercial firm * * * by handing same to Alexander Levy one of the members of said *late* firm;" that on the citation issued to Leon

Levy the marshal returned "being credibly informed that the within named Leon Levy has removed permanently from the Eastern District of Louisiana this paper is returned."

Evidently at the time that said suit was instituted the impression prevailed that the said firm was a late firm.

Plaintiff was asked the question—

"Q.   Did the firm of A. & L. Levy continue to do business after the seizure of Bruenn?"

And he answered—

"Yes."

On this, and on the fact that no notice of the dissolution of the firm of A. & L. Levy was published, plaintiff's counsel relies to show the continued existence of said firm. Plaintiff's counsel also relies on the endorsements appearing on two notes made in 1880 and 1881, one by A. & L. Levy to their own order, and the other by L. Blumm to the order of A. & L. Levy, and payable in sixty days and ninety days, respectively. The handwriting on the notes was not proved, and the notes were on that account denied admission in evidence, and are not before us except as a part of a bill of exceptions. They were properly refused admittance; however, here are these endorsements; on one note the following: "A. & L. Levy," "M. Berwin"; on the other note, that of L. Blumm, the following:

"1956                                                A. & L. Levy

"L. Blumm, July 4, 1884, paid on account .... ..........$   3 27
    "        August 4, 1884, paid on account ..............  25 00
"490.13 September 4, 1884, paid on account ..............  25 00
                October 4, 1884, paid on account ..............  25 00
"14 February, October 9, paid on account the last four notes
    of $25.00 maturing November 4 and December 4, 1888,
    and July 4 and February. 4, 1889 .................. 100 00
                                                        ————————
                                                        $178 27

We do not think that these endorsements prove anything; and plainly the testimony of the plaintiff referred to above is insufficient to show that the said firm continued in existence up to 1885.   So far as the failure to publish a notice of the dissolution of said firm is concerned, we do not know that such publication of notice is necessary in order to secure to members of a defunct firm their

right, after dissolution of the firm, to be cited personally. We understand the publication of such a notice to be useful only for the purpose of protecting the retiring members of a firm from liability for debts contracted subsequent to their retirement; or for the purpose of revoking the authority of the defunct firm to bind members.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, and that the plaintiff pay the costs of both courts.