(82 South. 216)

No. 22501.

SAMPLE v. BROCKENTON.

(June 30, 1917. On the Merits, May 5, 1919. Rehearing Denied June 2, 1919.)

On Motion to Strike from the Record.

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⬦⟹655(1)—MOTION TO STRIKE FROM RECORD—RULING.

A rule by defendant appellant to trial judge and clerk of district court to show cause why documents on which judgment purported to be partly predicated and a supplemental statement of facts prepared by trial judge should not be stricken from transcript because documents were not filed in evidence on trial and statement of facts was filed after appeal had divested trial judge of jurisdiction should be referred without prejudice to the argument upon the merits, where appellee had not been called upon to meet appellant's alternative demand for a remand for a trial de novo.

On the Merits.

*(Syllabus by the Court.)*

2. TRIAL ⬦⟹39 — DOCUMENTARY EVIDENCE — FILING IN COURT—JUDGMENT.

Where a petitory action, based in part on two acts of sale duly recorded, has been put at issue, and is called for trial and tried in the absence of the defendant, it is incompetent for the trial judge to predicate his judgment upon such acts, "offered in evidence, with leave to substitute copies," but not delivered to the clerk, or intended to be delivered to him, to be indorsed "filed," and otherwise identified with the record; and such judgment will be annulled on appeal to this court, and the case remanded to be proceeded with according to law.

Provosty, J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Petitory action by S. G. Sample against Will Brockenton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Emmet Alpha, of Franklin, and E. Howard McCaleb, of New Orleans, for appellant.

Elmo P. Lee, of Mansfield, and Hall & Bullock, of Shreveport, for appellee.

On Motion to Strike from the Record.

MONROE, C. J. [1] The defendant and appellant has ruled the trial judge and the clerk of the district court to show cause why certain documents, upon which the judgment appealed from purports to have been (in part) predicated, and a certain supplemental statement of facts prepared by the trial judge, which, with the documents mentioned, has been copied in the transcript, should not be stricken therefrom, upon the grounds that the documents were not filed in evidence on the trial, and that the statement of facts was filed after the judge had been devested of jurisdiction by the appeal.

In their brief in support of the rule, counsel for the mover say:

"In the alternative, and in consideration of all the facts connected with the confection of this transcript, where no fault is attributable to the appellant, this cause should be remanded for a trial de novo."

The plaintiff and appellee has not been called upon to meet the alternative demand so made, and our conclusion is that the rule should be referred, without prejudice to the rights of either litigant, to the argument upon the merits of the case.

And it is so ordered.

LECHE, J., takes no part.

Statement of the Case.

MONROE, C. J. This is a petitory action for the recovery of the E. ½ of the N. E. ¼ of lot 1 of S. 36, T. 13, range 12, in De Soto parish, of which plaintiff alleges that he is the owner, having acquired same by purchase from O. H. P. Sample, who acquired from Carolina Brockenton, who acquired from the government. He further alleges that O. H. P. Sample, through various ten-

ants, had possession of the property from the date of his purchase, December 23, 1896, to that of his sale to petitioner, December 26, 1905, and that petitioner, through tenants, has had such possession from December 26, 1905, until the bringing of this suit; that in the latter part of 1913 the Producers' Oil Company, petitioner's lessee under an oil and gas lease, began to develop the property for oil and gas; that defendant, who had previously been an agricultural tenant, obtained permission from petitioner to remain on the property until petitioner should have other use for it, and now refuses to vacate, though notified so to do; and that the property right involved is worth $500. He prays for citation, and for judgment decreeing him to be the owner of the property and ordering defendant to deliver possession.

Defendant denies the allegations of ownership and possession; alleges that the pretended title set up from Carolina Brockenton (purporting to bear his mark) is "bogus" and "illegal," because not signed by Brockenton, who was the father of defendant and could sign his name; that, should it be held otherwise, then, that said instrument was executed merely as security for a debt, which was paid in the years 1898–1899, and should and would have been canceled, but that Carolina Brockenton died in the latter part of 1899, and his widow and heirs did not, for some years thereafter, know of its existence, though they continued to live on the property, paying no rent, and, until 1901, paid taxes which they supposed were assessed thereon. Defendant alleges that the property now belongs to his brothers and sisters and himself, as the heirs of their father; that some of them have continuously occupied it since his death; that defendant has occupied and now occupies said property as owner, and has paid rent to no one, and that plaintiff has not heretofore disputed his title, but, to the contrary, has offered him "other lands if he would just move without suit," etc.

The minutes of the district court show that, after having been continued on several occasions, the case was fixed for trial on June 7, 1916, and the entry upon that day reads:

"Case tried, evidence adduced and closed and judgment for plaintiff as prayed for, see decree. Judgment read, signed, and filed."

The counsel by whom the answer was filed seem to have withdrawn from the case (though at what time is not shown), and, defendant having employed Mr. Alpha (one of the counsel who now represent him) that gentleman, on October 30, 1916, took certain steps, preliminary to the taking of a devolutive appeal, which are set forth in a motion and affidavit subsequently filed in this court, and will be hereafter referred to. The appeal was granted, was perfected on February 23, 1917, and on March 30th following the transcript was lodged in this court. It contains copies of the petition; answer; alleged conveyances from Carolina Brockenton to O. H. P. Sample, and from the latter to plaintiff; certain minute entries; judgment of the court; petition order and bond of appeal; statement of fact, by the judge, filed February 23d; and a "supplemental statement," filed March 19, 1917. Thereafter defendant (appellant) filed in this court a rule, which has heretofore been referred to "argument on the merits," and which, with the merits, has now been reargued. To that rule is attached an affidavit by defendant's counsel, Alpha, as also a copy, duly certified by the clerk, of the record in this case, as it appeared in the district court in October 31, 1916.

The rule alleges that, the case having been called for trial on June 7, 1916, judgment for plaintiff was rendered on the pleadings alone, without the offering of

any evidence, documentary or oral; that, upon the refusal of plaintiff's counsel to join in a statement of facts, counsel for defendant secured a statement prepared by the trial judge, which, with the letter from plaintiff's counsel refusing to join in such statement, the petition for, and order of, appeal, and appeal bond, were tendered to the clerk for filing on February 23, 1917, on which day the bond was accepted by the clerk; that on March 17th following, after the district court had thus been devested of jurisdiction, and at the instance of plaintiff's counsel, the trial judge prepared a supplemental statement, which has been copied in the transcript herein; that the clerk has also copied in the transcript the two acts of sale upon which plaintiff sues, and has appended to each a certificate to the effect that it was filed in evidence on the trial of the case on June 7, 1916, when, in fact, they were not offered in evidence on that day. The prayer of the motion is that the two acts and supplemental statement be decreed to be no part of the transcript, or, in the alternative, that the case be remanded for trial de novo.

The affidavit sets forth that, on October 30, 1916, the affiant, being one of the attorneys for the defendant, called upon the clerk of the district court for the record in this case, which was handed to him by R. C. Gamble (deputy clerk); that the record contained only the petition, citation, and return, answer, and judgment; that, the attention of the deputy clerk having been called to the fact that it appeared incomplete, he replied that it contained all that it could contain, that he was acting minute clerk on the day of the trial, and no evidence, oral or documentary, was offered; that affiant called his attention to the minute entry "evidence adduced," and he replied that it was customary to have the minutes show that evidence had been adduced, but that, owing to the value of the property in-volved, he had an independent recollection that no evidence whatever had been adduced on the trial of this case; that, in response to a request that he show affiant the deed from O. H. P. Sample to S. G. Sample, he said that it had been lost for a long time, and showed affiant the place where it had been kept; and that said Gamble furnished affiant with a certified copy of the record, as it then appeared, which is attached to the affidavit, and is correctly described in the certificate reading as follows:

"State of Louisiana, Parish of De Soto.

"I hereby certify that the above and foregoing is a true and correct copy of the record in suit No. 8468, entitled S. G. Sample v. Will Brockenton, on civil docket of the Twelfth judicial district court for De Soto parish, La., consisting of citation, return, defendant's answer, judgment and minutes of case, as the same appears on file in this office. Given under my hand and seal of office, at Mansfield, De Soto parish, La., this October 31, 1916.

"[Signed]   R. C. Gamble,
                "Deputy Clerk, District Court,
                    "De Soto Parish, Louisiana."

The original statement of facts by the trial judge reads:

"It having been made to appear to the court by the letter of Messrs. Elam & Lee, attorneys for the plaintiff in the above case, to Mr. Emmet Alpha, dated January 18, 1917, that they would not join in the making of a statement of facts, nor sign any statement of facts prepared by Mr. Emmet Alpha, which letter is hereto attached and made part of this statement of facts, the following is a statement of facts concerning the trial of the above cause in the trial court:

"The case had been fixed for trial and reassigned to accommodate the defendant, on several occasions, as the minute entrys show; and, on the day of trial (June 7, 1916), for which day it had been regularly fixed, the defendant claimed that his attorney was engaged in the trial of another case, in another state, where he resided, and moved that the case be again reassigned. This motion was objected to by the plaintiff, on the ground that the case had been reassigned for trial several times before, upon the motion of the defendant, which objection was sustained by the court, and the case ordered to be proceeded with. The plaintiff's attorney then asked for judgment, after introducing

evidence that satisfied the court that there should be judgment in favor of the plaintiff, and there was judgment accordingly. I do not know or remember what notes were made of the evidence. No one asked that it be taken down in writing. Judgment was then rendered in plaintiff's favor, upon the evidence adduced, and was read and signed by the court on the aforesaid June 7, 1916."

In the supplemental statement, the judge, having refreshed his memory by examining the record, says that plaintiff offered in evidence the two original acts of sale, with leave to substitute copies; that he was then sworn, and testified that defendant had been his tenant on the property in question for several years, and, as such, had cultivated the land; that he had gone into possession as plaintiff's tenant, and had never surrendered possession up to the date of the trial; that no formal application or motion for continuance of the case was filed, and no showing made to justify the continuance.

In his return to the rule, the judge states that, on the morning of June 7th, he received a telegram from defendant, sent from Naborton, eight miles from Mansfield, asking that the case be continued, for the reason that his attorney was unable to be present (from which it appears that defendant was neither present nor represented at the trial); that the continuance was refused, there being no facts to justify it, and that the case was ordered to be tried; that plaintiff was sworn and testified that defendant had been his tenant on the property in question for several years, etc.; that Mr. Elam, plaintiff's attorney, formally offered in evidence the original acts of sale (which he had in his possession at the time) "from O. H. P. Sample to S. G. Sample, and from Caroline (Carolina) Brockenton to O. H. P. Sample, leave being reserved to substitute certified copies therefor," etc.

The clerk of the court makes return to the effect:

That his deputy, R. C. Gamble, was in charge of the proceedings in court on the day of the trial, and that, having gone to camp Logan H. Roots, "it was impracticable to obtain any statement from him before the return day. That the preparation of the transcript was begun after the receipt of the supplemental statement from the judge. That the transcript was prepared by Mr. Gamble, who remarked to appearer, at that time, that the evidence adduced had not been reduced to writing, but that the case had been tried by Mr. Elam, as attorney for plaintiff, and the evidence submitted to the judge without having been taken down by a stenographer" the only documentary evidence offered on the trial being the two original acts of sale.

"That respondent thereupon instructed the said Gamble to prepare a transcript in said case, including therein all pleadings, the documents offered in evidence on the trial, together with the minutes of the court, and the statements of fact filed by the district court. That the said Gamble accordingly prepared said transcript, as the same now appears on file in this honorable court."

He denies the charge that the acts were copied in the transcript without having been offered in evidence, as also the allegation that the original act from O. H. P. Sample to plaintiff had been lost or mislaid from the public records, and alleges, to the contrary, that it had never been lost, but has been in the filing cabinet in the recorder's office of De Soto parish continuously since being filed for record on December 26, 1905, as has, also, the original deed from Carolina Brockenton to O. H. P. Sample; that, in compliance with the writ issued herein, respondent annexes the original act of sale from O. H. P. Sample, and, if desired, can send up the original from Carolina Brockenton; that respondent holds both of said acts in his hand, and desires to state in this connection that upon the deed from Carolina Brockenton to O. H. P. Sample there appears the letter A, and upon the deed from O. H. P. Sample there appears the letter B, both being in the handwriting of his said deputy R. C. Gamble, and being the marks usually used by said Gamble to identify documents filed in evidence on the trial of cases.

The plaintiff also makes a return, embracing the facts stated by the other respondents; and he annexes thereto an affidavit by his attorney, Mr. Elam (who represented plaintiff, but has departed this life) in which the affiant states (inter alia):

"That * * * plaintiff offered in evidence the original act of sale from O. H. P. Sample to S. G. Sample, of date December 26, 1905, and the original act of sale from Caroline (Carolina) Brockenton to O. H. P. Sample, of date December 23, 1896, both being duly recorded in the conveyance records of De Soto parish, La., and being offered with leave to substitute certified copies; that the plaintiff * * * was then sworn, and testified that defendant had gone into possession of the land involved in this suit as the tenant of plaintiff, and had never surrendered possession thereof to the plaintiff, but had continued to occupy the same up to the date of the trial."

### Opinion on the Merits.

In view of the returns so made, we are satisfied that plaintiff's counsel offered in evidence on behalf of his client, with leave to substitute copies, and produced for the inspection of the court, the two original acts of sale upon which this suit is based, and which were (or belonged) in the custody of the clerk of the court in his capacity as ex officio recorder of the parish. In fact we find it inconceivable that, as between a member of the bar and a judge, both of the highest standing and unimpeached integrity, the one should ask for, and the other should render, in a case in which issue had been joined, a judgment for plaintiff, upon the mere presentation of the pleadings without the offer of evidence, oral or written. That defendant's counsel understood the deputy clerk to make the statement recited in counsel's affidavit we have no manner of doubt. But it is exceedingly difficult, in any given case, for two parties to a conversation to know whether they have really understood each other, and, in view of the fact that the statements attributed by the counsel to the deputy clerk would, if correctly understood, convict the deputy of having deliberately, while acting under the obligation of his oath of office, made, upon the minutes of the court, as true, an entry which he knew to be false, we conclude that he must have been misunderstood; the probability, as we think, being that he confused the offering of evidence with its filing, and that what he meant by his statement was that no evidence was actually and physically put into the record. It is to be remembered that in the instant case, as no one requested it, no note of evidence was required, and the minute clerk had so little to do that what he did may readily have escaped his memory, after a lapse of, say, five months, so that, if the counsel correctly understood him, we conclude that he had forgotten what happened. In any event, the counsel's recollection of the deputy's oral statement would be insufficient to justify us in holding that the entry made by the deputy upon the minutes of the court, reading "Case tried, evidence adduced and closed," does not import absolute verity.

We are equally satisfied, however, that the two acts, though offered in evidence and submitted to the inspection of the court, were not filed, or intended to be filed; and our conclusion is that, in the absence of the defendant, the failure of the plaintiff to produce and deliver to the clerk, to be by him made part of the record, the documentary evidence necessary to the judgment which he obtained is fatal thereto. The courts of last resort throughout the country differ as to the obligation of a party in interest with respect to the indorsement by a public officer of an instrument delivered to him in his official capacity, the difference hinging upon the varying definitions which have been given to the term "filing"; but there is a consensus of opinion to the effect that, where the obligation rests upon a person to place a document of record, in a particular office, or under particular circum-

stances, such person must, at least, deliver the document to the officer whose duty it is to make, or keep, the record, with the intention that he shall make upon it such indorsements for its identification as the law may contemplate.

In Stafford v. Harper, 32 La. Ann. 1076, plaintiff, who had offered in evidence certain records pertaining to another case, but had not produced or filed them, moved to dismiss the appeal, because they had not been copied in the transcript, and, upon the first hearing of the matter, the court set aside the judgment and remanded the case.

A rehearing was granted, however, the judgment so rendered was set aside, and it was held that (quoting the syllabus):

"An appeal will not be dismissed because documents offered, but not introduced in evidence by the appellee have not been transcribed in the record."

In the course of the opinion it was said:

"Litigants who introduce written evidence offered should produce it and then see that it is properly noted and filed. White v. Union Bank, 6 A. 162; Leflore v. Carson, 7 A. 65; State ex rel. Slocomb v. Rogillio, 30 A. 833. The court has no authority in determining cases to consider as in evidence documents not introduced and not described and filed. Clerks have no right to include in a transcript such evidence which was not produced and filed."

In Ford v. Brooks, 35 La. Ann. 151, the question at issue was whether a motion to dismiss the appeal should be considered, the objection being that it had not been filed within three days after the filing of the transcript. Bermudez, C. J. (with two of the Justices, concurring), was of the opinion that, even conceding it to have been shown that the motion was handed to "one of the clerks in the office," within the legal delay, it could not be regarded as having been filed, since it lacked the indorsement of the clerk with the date on which it came into his hands. Fenner, J. (with Todd J.,

concurring), dissented, holding, in effect, that (quoting Bouvier's definition):

"A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file."

In the instant case, not only were the documents not indorsed by the clerk, either with the effect of identifying them with the case or otherwise, but they were not delivered or tendered to the clerk, and it was not the intention that they should go into his hands, "to be kept on file." The district court is, however, a court of record, and the law contemplates that the pleadings and written evidence upon the basis of which suits therein brought are decided, together with the judgments, shall be there placed, and remain, on record, for the information and benefit of those who may, at the time or thereafter, be interested in them.

It is not sufficient that a plaintiff, suing on a promissory note, or other written instrument, should exhibit it to the inspection of the judge and then, having obtained his judgment, carry the instrument away with him, leaving only the allegations of his petition and defendant's denial thereof to show why the judgment was rendered. A resident defendant has a year, a nonresident, two years, within which to appeal, but what relief would that remedy afford to a defendant against whom a judgment is rendered, in his absence upon the exhibition of an instrument, with leave to substitute a copy, if, when he comes to avail himself of it, he is informed that the instrument has been lost or destroyed, and particularly if the defense set up by him was that it was forged. And, in any event, what means has he of identifying, for the purposes of his appeal, the instrument which may then be produced with that upon which the judgment is based. No trial judge could be expected to remember, distinctly enough to enable him to identify it, a particular in-

strument upon which he is said to have rendered a judgment a year or two years before, and yet the possible difference between the instrument sued on and an instrument which a plaintiff may produce, at a later date, for the purposes of a defendant's appeal, may be a very important one. Where a defendant sui juris is present at the trial, he may consent that the plaintiff offer an original document without making it part of the record, and thereafter substitute a copy, and trial judges may sometimes render judgments upon records which contain neither originals nor copies; but, as in the case of judgments based upon stenographic notes which have not been transcribed, there is always the risk that the evidence upon which they are based may never thereafter materialize in the shape contemplated by the law, and that serious injury may result therefrom.

[2] The question here presented, then, is not whether the documents offered by plaintiffs were indorsed "filed" by the clerk, but whether they were filed in the sense of being delivered to the clerk for such indorsement; and that question is clearly to be answered in the negative: First, because the originals were offered, with leave to substitute copies; and, second, because it would have been illegal to have offered documents forming part of the archives, of the recorder's office on any other conditions; in fact, it was unauthorized and uncalled for to offer them at all, and presumably was done merely to save a few dollars of costs. We find no reason to doubt that the act of sale by which plaintiff acquired was not in its place in the recorder's office when defendant's counsel asked to see it—otherwise the deputy would have shown it to him; and it is quite certain that no copies of either of the acts had then been delivered to the clerk (in fact, never have been, as we understand). It was therefore wholly irregular for the deputy, in making up the transcript, to write there-

in, beneath the copies, then and there made by him, "Filed in evidence by plaintiff, June 7, 1916, and marked P. A. and P. B., respectively"; since the acts of which they purport to be copies were not filed by plaintiff on June 7, 1916, or at any time, and they were not then, or at any time, marked as thus indicated. The act from O. H. P. Sample to S. G. Sample (which the clerk has sent up) bears upon one of its edges a letter B, such as almost any child could make and such as no human being, after a little interval of time, could be certain, without extrinsic aid, that he had made. It is the duty of the clerk in making a transcript to copy accurately the record which he is called on to transcribe, so that his transcript shall tell the truth and nothing but the truth, and he has no right to exhibit therein, as filed in evidence on a certain date, a document that was never filed or delivered to him to be filed.

For the reasons thus assigned, it is ordered that the judgment appealed from be annulled, and that this case be remanded to the district court, to be there proceeded with according to law and to the views expressed in this opinion; the costs of this appeal to be paid by the plaintiff.

PROVOSTY, J., dissents.