(92 South. 587)

No. 24443.

## CHENAULT v. HOWARD et al.

(March 6, 1922. On Rehearing, June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Partition** ☞67—Note of evidence not required in partition suit not concerning minors or succession.

Under Code Prac. art. 1042, requiring a note of evidence in probate cases, no note of evidence was necessary in a partition suit which concerned neither minors nor a succession.

**On Rehearing.**

2. **Appeal and error** ☞907(4)—No presumption that judgment in partition suit was based on sufficient evidence, when transcript did not show proof of deed.

Notwithstanding Act No. 43 of the Extra Session of 1870, providing that documents belonging to the files of court of the parish may be offered in evidence without a copy being made, where the deed or act of sale relied on by plaintiff in a partition suit was not a document forming a part of the files or records of the court, and the transcript did not show proof thereof, no presumption could be indulged that the judgment was rendered on sufficient evidence.

3. **Judgment** ☞248 — Judgment describing property different from that described in petition reversed.

Where the judgment in a partition suit described property different from that of which plaintiff claimed in the petition to be part owner, it will be reversed.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Suit by W. C. Chenault against Bettie Howard and others. From a judgment for plaintiff, defendants appeal. Judgment avoided and reversed, and cause remanded on rehearing.

George Wesley Smith, of Rayville, for appellants.

Ellis & Ellis, of Rayville, and John St. Paul, Jr., of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY, and Justices OVERTON and LECHE.

LECHE, J. Plaintiff sued for partition of certain property situated in the parish of Richland. Defendants having failed to appear or answer, a judgment by default was entered and in due time confirmed. From that judgment defendants prosecute the present appeal.

Appellants contend that the judgment was rendered on insufficient evidence, and, not having had the benefit of oral argument on their behalf, we copy from their brief the gravamen of their complaint:

"The record in the case does not show that any evidence whatever was adduced upon the trial, and while the clerk's certificate is to the effect that the transcript contains all of the documents introduced and used upon the trial of the case, the deeds alleged upon in defendant's [should be plaintiff's] petition are not in the record, and, if the clerk's certificate is to be given full faith and credit, it must be conclusively presumed that they were never introduced upon the trial of the case."

[1] There is no note of evidence in the record, but, as it is only where the court exercises probate jurisdiction (C. P. art. 1042) that the law requires a note of evidence, in this case, concerning neither minors nor a succession, and therefore not within the probate jurisdiction of the court, such note of evidence was not necessary. The minute entries however, show that the case was taken up on confirmation of default and regularly

tried, evidence adduced and closed. The judgment itself recites that, the plaintiff "having proved his demand in full and the law and the evidence being in his favor," judgment was accordingly rendered. Now, if the judgment was such as could have been rendered solely on parol testimony, it is not disputed that, upon the principle that this court will presume that the judgment of the lower court was rendered on sufficient testimony, appellant would be concluded from attacking its correctness on appeal. But here there is an alleged fact which may only be proven by documentary evidence. Plaintiff alleges that he is the owner in part of the immovable property to be partitioned. "Ownership is, however, the basis of the action of partition and must be alleged and proved," etc. Thibodeaux v. Thibodeaux, 112 La. 906, 36 South. 800. Plaintiff's ownership could only be proved by documentary evidence, and, as the record contains no such document, defendants contend that none was offered, produced, and filed in evidence, and therefore that the proof was insufficient.

Under the provisions of Act 43, p. 98, of the Extra Session of the General Assembly of 1870, a litigant may offer in evidence any record, paper, or document belonging to the files of the court of the parish in which the trial is proceeding, and it is not necessary in any such case for the clerk to make a copy of any such record, paper, or document, unless the case in which the same is offered is appealed to the Supreme Court, in which case the transcript of appeal shall be made up from the papers themselves.

The provisions of this act do not apply to the city of New Orleans, but it seems to be the universal custom in the country for litigants to avail themselves thereof, as they often greatly reduce expenses of litigation.

It thus appears that certain documentary evidence is placed, so far as the record is concerned, on the same footing as parol evidence; that there is no more necessity of producing and filing copies of records, papers, and documents forming part of the archives of the court in which the trial is proceeding than there is of taking down in writing the testimony of the witnesses. Plaintiff's title is alleged in his petition, duly verified, to have been deposited for record with the clerk of the court, who is the official custodian of the same, in the parish of Richland, where the property is situated, and where the case was tried, so that its absence from the record does not raise the presumption contended for by appellant.

The case of Sample v. Brockenton, 145 La. 261, 82 South. 216, cited by appellant, would be authority for their contention, were the instrument in this case not part of the records of the court of the parish of Richland. It must be observed that Act 43 of the Extra Session of 1870 is not alluded to in the Sample decision, and it could not have been cited or called to the court's attention.

Appellants do not claim that plaintiff's title was not actually offered in evidence, but they claim that, because such title was not produced and the instrument or written document attesting it was not filed as part of the record, the court must presume that it was not offered. Considering the provisions of the act of 1870, we are of the opinion that such presumption does not arise, and, on the contrary, that the presumption that the judgment was rendered on sufficient evidence must prevail.

For these reasons, the judgment appealed from is affirmed.

### On Rehearing.

#### By the WHOLE COURT.

LECHE, J. [2, 3] After reconsideration, the court having reached the conclusion that the alleged deed or act of sale from John Stickney to plaintiff of July 17, 1920, said to be recorded in Notarial Book No. 37, page

153, upon which plaintiff predicates his right to a partition, is not such a document as forms part of the files or records of the court of. Richland parish, as defined in Act 43, approved March 16, 1870, the legal presumption upon which our former opinion was based cannot arise in this case. Our attention has also been called on this rehearing to the fact that the judgment, which plaintiff confirmed in the lower court, describes property different from that of which, in his petition, he claims to be owner in part.

For these reasons, our former decree is set aside, and it is now ordered that the judgment appealed from be avoided and reversed, and that this cause be remanded to the lower court, there to be determined according to law—plaintiff and appellee to pay costs of appeal; other costs to be taxed when the case is decided.

ST. PAUL, J., recused.