FRANK E. FOLTS ET AL., APPELLEES, V. GLOBE LIFE INSURANCE COMPANY ET AL., APPELLEES: SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLANT.

FILED NOVEMBER 22, 1929. No. 27128.

*Gaines, McGilton, Van Orsdel & Gaines, Brogan, Ellick & Raymond, D. E. Bradshaw* and *Hainer, Flansburg & Lee,* for appellant.

*John M. Stewart, C. J. Campbell, William B. Price, Don W. Stewart, John P. Breen, G. E. Hager, M. L. Donovan* and *W. H. Hatteroth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and THOMSEN, District Judge.

PER CURIAM.

This is the second appeal to this court in this cause. The opinion on the first appeal is reported in *Folts v. Globe Life Ins. Co.,* 117 Neb. 723. Thereafter a supplemental issue was presented in the district court, asking for an allowance of attorney's fees for plaintiffs and intervener, and on this issue judgment was rendered in their favor in the sum of $60,000. From this judgment Sovereign Camp, Woodmen of the World, appeals, and plaintiffs and intervener cross-appeal.

By reference to the opinion of this court on the former appeal, it will be seen that the main action was brought by members of Sovereign Camp, Woodmen of the World, hereinafter referred to as W. O. W., a fraternal insurance association, on its behalf, and to recover from the Globe Life Insurance Company, hereinafter referred to as defendant, cash and bonds, the property of W. O. W., which its officers had wrongfully and unlawfully transferred to defendant for the latter's capital stock, and for other relief. In the main proceeding the relief sought by plaintiffs and intervener was granted, and there were recovered cash and bonds, of the approximate value of $1,700,000, which were returned to the treasury of W. O. W.

Counsel for W. O. W. argue that the action is not one wherein an attorney's fee should be allowed. With this contention we are unable to agree. The main action was brought by individual members of a fraternal society, on its behalf, to recover property belonging to it which its officers had wrongfully transferred to defendant. By their efforts W. O. W. profited in the return of its cash and bonds, and also profited in other ways pointed out on the first appeal. Under such circumstances the plaintiffs were entitled to be reimbursed for the reasonable costs of attorney's fees incurred in behalf of the fraternal order. *Stone v. Omaha Fire Ins. Co.,* 61 Neb. 834; *In re Estate of Creighton,* 93 Neb. 90.

Counsel for W. O. W. complain because the district court allowed affidavits, as to the value of services of attorneys, to be received in evidence. The record discloses that when both parties to the appeal were represented in the trial court an agreement was entered into which fairly and reasonably contemplated that either party might file affidavits in support of his contention. Under the circumstances, the trial court did not err in permitting affidavits to be used. It may be remarked that W. O. W. was not limited to the filing of affidavits, but was permitted to call and examine witnesses orally as to the value of the services rendered.

It is next contended that the evidence does not warrant

the allowance of so large a sum as $60,000. The evidence is in conflict. The testimony of many eminent, well-informed attorneys as to the value of legal services was taken, and their estimates varied from as low as $20,000, on behalf of W. O. W., to as high as $140,000, on behalf of the plaintiffs. From the record it appears that much effort and time were spent in taking evidence upon an issue not involved in the present case, but which belonged in another case having no connection with the present action.

After a careful consideration of the record, we are of the opinion that the allowance is somewhat more liberal than justice requires. In our opinion, based upon the entire record, $50,000 is a fair and reasonable compensation to be paid to the attorneys for plaintiffs and intervener in the present action, in full for their services in both the district and supreme court.

The cross-appeal of plaintiffs and intervener goes to the question of the amount allowed, and they contend that a greater sum than $60,000 should have been allowed. The observations heretofore made dispose of the cross-appeal.

The judgment of the district court is therefore modified so as to allow plaintiffs and intervener, as counsel fees, the sum of $50,000, and, as modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.