(No. 5630. November 13, 1930.)

J. PAUL EVANS, Plaintiff, v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, Hon. RALPH W. ADAIR, Judge of Said Court, Presiding, and Hon. C. A. COON, Clerk of Said Court in and for Power County, Defendants.

[293 Pac. 323.]

F. M. Bistline, for Plaintiff.

Bissell & Bird and A. Humphrey, for Defendants.

VARIAN, J.—Original proceeding to prohibit defendants, as district judge and clerk of the district court, respectively, from transmitting to this court certain copies of exhibits in a case entitled *J. Paul Evans v. Power County et al.*, an action to quiet title, pending on appeal from the district court of the fifth judicial district in and for Power

county. The petition alleges that certain papers were copied and certified by the court reporter as exhibits in said action, contrary to the provisions of C. S., sec. 6886, subd. 4, and therefore the defendants are without jurisdiction to transmit said copies of exhibits to this court on said appeal, and that the district judge is without jurisdiction to order transmitted, or the clerk to transmit, any documents or papers not introduced at the trial of said action. On filing the petition, an alternative writ of prohibition issued, to which defendants filed their return setting up in substance and effect that the exhibits consist of original papers, files and judgment-rolls in certain actions theretofore tried in said district court, which were introduced in evidence under an agreement that, in case of an appeal being had, the court reporter might make and certify copies thereof. Attached to the return are the separate affidavits of defendants and the affidavit of Earl H. Weaver, court reporter, setting up matters that occurred after the trial in relation to the procuring of the reporter's transcript, and the interpretation placed by counsel for plaintiff (who also represented the plaintiff in the case now pending on appeal) upon the stipulation, in letters to the court reporter requesting him to copy and certify the exhibits, and agreeing to pay said plaintiff's proportion of the reporter's charges therefor.

Plaintiff demurred to the return, and also moved to strike the affidavit of the court reporter upon the ground that there is no statutory provision for filing supporting affidavits with the answer and return to an alternative writ of prohibition, and that the same is contrary to Rule 64 of this court. In view of the conclusions arrived at, it is unnecessary to consider plaintiff's motion to strike.

The character of the exhibits and the manner of their certification are not questioned, and the demurrer admits the truth of the matters set forth in the return (50 C. J., p. 705, sec. 126; *State v. Stutsman*, 24 N. D. 68, Ann. Cas. 1914D, 776, 139 N. W. 83; *State v. Guthrie*, 245 Mo. 144, 149 S. W. 305), so that the only question of fact re-

lates to the charge that the court reporter has copied and certified exhibits not introduced in evidence. The other questions presented are questions of law.

C. S., sec. 6886, subd. 4, reads:

"Exhibits introduced in the trial may be certified to the supreme court by the clerk without incorporating the same in the transcript, or making any copies, unless said exhibits consist of some part of the public records, in which event the same shall be copied into the record at the appropriate place by the reporter, or a copy certified by the party having lawful custody of the records may be substituted and transmitted with the exhibits."

Plaintiff first contends that these exhibits are not "public records" within the purview of this statute.

"A judicial record is the record or official entry of the proceedings in a court of justice, or of the official act of a judicial officer, in an action or special proceeding." (C. S., sec. 7948.)

Judges of courts of record have control of the records of the court, so far as may be essential to the proper administration of justice. (*Houston v. Williams*, 13 Cal. 24 (27), 73 Am. Dec. 565; 15 C. J., p. 974, sec. 392; 22 Cal. Jur., p. 583, sec. 8.) And if deemed necessary for the proper administration of justice, the district judge may refuse to allow original judicial records to be taken from their legal custodian and filed as exhibits in other actions being tried, and may require the reading of the original exhibits into the record, or the introduction of copies certified by the custodian in the manner provided by statute or in any manner agreed upon by the parties, and even without certification, if so agreed. Of course, it is permissible for the trial judge to allow the introduction of original records with the understanding that proper copies shall be subsequently substituted, provided the originals themselves are not taken from the possession of their custodian. (See *Seay v. Yarborough*, 94 N. C. 291 (293); 34 Cyc., p. 596.)

It has been said that the code contemplates, or requires, a variety of written memorials, such as a register of

actions (C. S., sec. 7232), files, minutes, orders, decree, judgment, judgment-book (C. S., sec. 6899), and docket (C. S., sec. 6903), all of which are required to be kept by the clerk together with other papers and records. (See 5 Cal. Jur., p. 225.) In a broad sense, all of these are judicial records. (See 22 Cal. Jur., p. 581.) The papers and files that constitute the judgment-roll are enumerated by statute (C. S., sec. 6901), and the strict, technical record of an action or judgment is the judgment-roll. (*Hahn v. Kelly,* 34 Cal. 391 (422); *Sichler v. Look,* 93 Cal. 600, 29 Pac. 220 (221).) The judgment-roll, files, papers and orders in the case, whether included in the judgment-roll or not, are judicial records. They are public writings under C. S., sec. 7943, and public records within the purview of C. S., sec. 6886, subd. 4. (See 34 Cyc., pp. 585, 586.) It is contemplated by the code that these records of a court of record permanently remain in the custody of the clerk, subject to control by the court. (15 C. J., p. 974, sec. 392; 34 Cyc., p. 596.) Therefore, the originals should not be transmitted with the other exhibits on appeal to this court, but, in the absence of any agreement, they must be copied into the transcript by the court reporter, or copies thereof, certified by the clerk, substituted for said originals and sent up with the other exhibits to the appellate court. It appears from the record before us that counsel, in the case on appeal, stipulated that the court reporter might copy and certify the original exhibits, in lieu of the clerk copying and certifying them.

Stipulations that copies of documents may be used as evidence in lieu of the originals have been generally upheld by the courts. (*Coffey v. City of Carthage,* 200 Mo. 616, 98 S. W. 562; *Curl v. Watson,* 25 Iowa, 35, 95 Am. Dec. 763; 25 R. C. L., p. 1103, sec. 11.) Parties may stipulate to introduce in evidence unauthenticated copies in lieu of authenticated copies. (*Levy v. Rich,* 106 La. 243, 30 So. 377.) And stipulations concerning the admissibility of documentary evidence are generally upheld. (36 Cyc., p. 1287; *Folts v. Globe Life Ins. Co.,* (Neb.) 227 N. W. 455;

*Lawson v. Steinbeck*, 44 Cal. App. 685, 186 Pac. 842.) The copies made by the court reporter, therefore, should be transmitted with the other exhibits in the case in lieu of the originals, and should not be copied into the transcript on appeal.

Plaintiff finally contends that he is entitled to a trial in the proceeding, under C. S., sec. 7259, upon the question of fact as to whether the court reporter has copied and certified as exhibits certain files and papers not introduced in evidence in the case now pending on appeal, which, it is alleged, defendants intend to transmit as exhibits to this court.

In order to determine what was, or was not, introduced in evidence, recourse must be had to the record of the case on appeal and which is not now before us. The question so presented may properly be postponed to be determined on hearing said appeal. (See *Hume v. Rogue River Packing Co.*, 51 Or. 237, 131 Am. St. 732, 83 Pac. 391, 92 Pac. 1065, 96 Pac. 865, 31 L. R. A., N. S., 396; *State v. Board of Liquidation*, 33 La. Ann. 124; *Sample v. Brockenton*, 145 La. 261, 82 So. 216; 4 C. J., p. 507, sec. 2267.) The same procedure has been followed where motions were directed against other matter in the transcript alleged to be improperly incorporated therein. (*Edenborn v. Sim*, 204 Fed. 781, 123 C. C. A. 144; *Brode v. Goslin*, 158 Cal. 699, 112 Pac. 280; *Gecum v. Dean*, 40 Ill. 92.)

Having a plain, speedy and adequate remedy in the ordinary course of law, by appeal, plaintiff is not entitled to have the question inquired into in this proceeding. (C. S., sec. 7268; *Gropp v. Huyette*, 35 Ida. 683, 208 Pac. 848; *Natatorium Co. v. Erb*, 34 Ida. 209, 200 Pac. 348; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Rust v. Stewart*, 7 Ida. 558, 64 Pac. 222.)

Defendants at the hearing moved to strike the application for the writ of prohibition from the files because (1) the application is not in conformity with the requirements of Rule 59 of this court; (2) the same does not disclose the names of the real parties in interest; and (3) the

application and affidavit were not served upon the real parties in interest as required by Rule 61 of this court. The application and affidavit substantially conform to the requirements of Rules 59 and 61, and the first two grounds above mentioned are not tenable. Rule 61 requires the service of the application and affidavit upon the real parties in interest. (*Cronan v. District Court*, 15 Ida. 184, 96 Pac. 768.) The return of the sheriff who made service shows service upon the district judge of the alternative writ and application to which the affidavit is attached, and the clerk admitted service of the application, writ and affidavit. The real parties in interest, as disclosed by the affidavit, are Power County, City of American Falls, Independent School District No. 1 of Power County, and A. Humphrey, Trustee, none of whom were served as directed by said Rule 61.

Failure to make such service under Rule 61 is not ground for quashing a writ, "but at most calls only for a postponement of the hearing until such parties have reasonable notice of the time of such hearing." (*Canadian Bank of Commerce v. Wood*, 13 Ida. 794 (801), 93 Pac. 257; *Havemeyer v. Superior Court*, 84 Cal. 327, 18 Am. St. 192, 24 Pac. 121 (131), 10 L. R. A. 627.) We likewise hold that the failure to make such service does not render the application subject to a motion to strike.

Counsel for defendants, who are also counsel in the case on appeal for the parties in interest not served herein, not having requested a continuance, we conclude a continuance is not desired, and so have passed upon the merits of the application.

Alternative writ of prohibition quashed. Costs to defendants.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.