**HENDERSON et al. v. GRAHAM.**

No. 6139.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 1, 1940.

Simon Herold, of Shreveport, for appellant.

R. H. Lee and Wallace & Stinson, all of Benton, for appellee.

TALIAFERRO, Judge.

In the jactitation suit of Johnson et al. v. Henderson et al., reported in 190 So. 171, 173, inter alia, this court recognized and decreed the present defendant, Mrs. Nannie P. Strayhan Graham, through tenant, to be in the actual possession of twenty-six (26) acres of land in Bossier Parish, described as follows: That part of SE 1/4 of SW 1/4, Sec. 11, east of governmental lot No. 6, Twp. 21 N., Range 14 W.

Defendants therein (plaintiffs here) were ordered to institute against Mrs. Graham, the possessor, a suit in revindication of their rights and claims to said land within sixty (60) days or else they would thereafter be barred from doing so. The present suit, a petitory action, was timely instituted pursuant to that decree. Mrs. Graham is referred to in the petition as being a resident of Caddo Parish, Louisiana. No service could be made upon her because, as was subsequently discovered, she was then a resident of the State of Texas. These facts were made known to the district judge by supplemental petition and pursuant to prayer therefor, a curator ad hoc, being a resident attorney, was appointed to represent the absentee defendant. The record does not disclose that service of process was made on the curator ad hoc. However, on the 45th day after the appointment, he filed a brief answer in which all of the allegations of the petition are denied.

On the day the answer was filed the case was taken up for trial, evidence introduced and the case submitted. There was judgment as prayed for by plaintiffs, recognizing them as being the owners of the land involved and entitled to possession of the same. Thereafter, Mrs. Graham or her counsel in the former suit (and in the present one) learned of the present suit and its termination. Appeal to this court was then taken.

Appellant tenders and argues the following propositions of law, appearing on the face of the record, in support of her position that the judgment should be reversed and the suit dismissed, or, in the alternative, that the case should be remanded to the end that she be afforded an opportunity to answer and defend the same, to-wit:

1. That since the action is petitory, under Article 43 of the Code of Practice it was imperative that it be brought against the tenant, the actual possessor, and not Mrs. Graham.

2. That the muniments of title alleged upon by plaintiffs were offered in evidence "with leave to substitute certified copies"; that such offering was inadequate to place such documents before the court for consideration in reaching a judgment and were improperly considered by it in so doing.

3. To allow defendant to show whether or not she is in the possession of the property.

4. It does not appear that the curator ad hoc was served with or accepted service of process, nor that he made any effort to notify defendant of the pendency of the suit.

It is true, as contended, that Art. 43 of the Code of Practice ordains that the petitory action "must be brought against the person who is in the actual possession of the immovable, even if the person having the possession be only the farmer or lessee."

When this course is followed, it becomes the duty of the tenant to declare to the plaintiff the name and residence of his lessor, who then shall be impleaded and the tenant dismissed. The reason of the rule is obvious. In many, if not a majority of cases, a plaintiff does not know and cannot learn for whom the tenant or other person on the land possesses.

■ This rule is not without some exceptions. We do not think that the failure to follow it in the present case strikes with nullity the petition filed therein. This court found and held in the prior suit that Mrs. Graham's possession of the land was sufficient upon which to predicate a slander of title suit. The defendants in that suit challenged her possession. They have acquiesced in the judgment and have brought the present suit strictly in keeping therewith. Had they impleaded the tenant only, if the land was then so possessed, the point could have been made and doubtless would have been made that they had not literally followed the terms of the judgment and, therefore, at this date, would be barred from asserting any right or claim to the property. No useful purpose could have been promoted by impleading the tenant, if there were one, simply to have him come in and disclose facts already known to all concerned, and which were definitely established in the former suit.

■ Aside from the foregoing reasons which support the correctness of the procedure herein, there is nothing in the record to disclose that the land was occupied by anyone as tenant or otherwise for Mrs. Graham at the time this suit was filed. We are not authorized to assume that it was so possessed. Some two years have elapsed since the former suit was tried. It is possible that no one corporeally possessed the land when the present suit was instituted. In such circumstances, it has been repeatedly held that civil or constructive possession in the owner continues. This character of possession is "actual" possession within the meaning of Art. 43 of the Code of Practice. Duffourc et al. v. Constantin et al., 189 La. 826, 181 So. 183; Ellis v. Prevost, 19 La. 251; Barnes v. Gaines, 5 Rob. 314.

■ In the Duffourc case, the court held: " * * * The term 'actual,' as applied to the possession required in the law governing petitory and possessory actions, is used in contradistinction to the possession which is purely civil and legal and entirely devoid of the quality of having its source in or being derived from a previous actual and corporeal possession. Code Prac. arts. 43, 44."

We do not think appellant's position on this phase of the appeal well founded.

Proposition No. 2 presents a more serious question. This relates to the manner in which the deeds, etc. constituting plaintiffs' chain of title, alleged upon by them, were introduced in evidence.

The minute entry covering trial of the case, after naming the various documents said to have been offered in evidence, reads: "are offered by reference with leave to substitute certified copies." The "statement of facts proven", signed by the trial judge, confirms the correctness of this minute entry. It follows therefrom that these muniments of title were not actually and physically offered or introduced in evidence during the trial. There was, in fact, no contest in the case and no objection was raised to the admissibility of the instruments. The reporter, apparently, was given data concerning them sufficient for the minutes and that constituted the offering.

Appellees rely upon Act 43 of the extra session of 1870. Sec. 1 of this act provides that during the trial of any case, criminal or civil, before the district courts of the state, the judge, on request of counsel, may direct the clerk of court to produce any record, paper or document "belonging to the files or records" of that court, "in order that the same may be used in evidence; and it shall not be necessary for the clerk in any such case to make a copy of any such record, document or paper unless the case in which the same is offered is appealed to the Supreme Court."

Sec. 2 of the act reads as follows: "That whenever such records, documents or papers are offered in cases in which the testimony is taken down, the clerk shall enter upon the notes of testimony a description of the document, record or paper thus offered, with the title and number of the suit or record to which it belongs."

■ Even granting, arguendo, that this act applies to courts of appeal, we do not think appellees can derive much comfort therefrom. In the first place, court records only are comprehended within its provisions. Such records do not in any sense embrace records of the recorder's office, although the clerk of court is ex-officio recorder.

The Supreme Court in Anderson v. Thomas, 166 La. 512, 516, 117 So. 573, 575, enumerated the things which constitute a *court record*. It said therein: "In plaintiffs' brief on the motion to dismiss it is said that the Constitution declares that district courts shall. be courts of record (Const. 1921, art. 7, § 35), and 'therefore there must be a record, which means a written record of all proceedings had in the district courts.' All of which is quite correct; for the clerk of court is required by law (C.P. 775, 779) to keep a record of all proceedings had before the court, consisting of (1) the file, C.P. 176, 779, 585; (2) the docket, or entry book, C.P. 776; and (3) the minute book, C.P. 777, 544."

In Chenault v. Howard et al., 151 La. 991, 994, 92 So. 587, 588, it was specifically held, when considering the 1870 act, that an act of partition, duly registered in the records of the parish wherein the trial was had, was not properly before the court as evidence in the case, because offered solely by reference. The court said that the act of partition " * * * is not such a document as forms part of the files or records of the court of Richland parish, as defined in Act 43, approved March 16, 1870, the legal presumption upon which our former opinion was based cannot arise in this case."

Judge Carver, as the organ of this court in Lemoine v. Dupuis, 2 La.App. 726, held that the 1870 act applied strictly to court records and not to records of the recorder's office.

And under the terms of the 1870 act, the document, record or paper sought to be produced must be, if produced and offered as evidence, filed by the clerk and notation thereon made to identify it with the case. It is not our understanding of the act or of any other pertinent law, that such records really become competent evidence in the case when simply offered by reference. We are unable to discern from this law that it dispenses with the physical production of documents offered as evidence and the filing thereof by the clerk. If this were not true, a district judge would often have to employ much time out of his office in order to inform himself of the contents of offerings in a given case.

Therefore, in the present case, since the instruments and records necessary to substantiate plaintiffs' case were offered in evidence *by reference* with leave to substitute copies and were not physically produced and filed, such offerings were not properly in the record and consequently should not have been considered by the trial judge in rendering judgment.

The third proposition tendered and argued by the appellant was answered in the former opinion of this court. There is no question about Mrs. Graham being in the actual possession of the land involved.

It is unnecessary to pass on the fourth proposition submitted by appellant, as the case will be remanded for further proceedings. She will be given her day in court.

For the reasons herein assigned, the judgment appealed from is annulled and set aside; this case is now remanded to the lower court to be there proceeded with according to law and the views herein expressed. Appellees are condemned for payment of costs of the appeal. The payment of all other costs will await final judgment.