101 P.2d 389

**STATE ex rel. STATE TAX COMMIS-SION v. CHAVEZ , Judge.**

No. 4519.

Supreme Court of New Mexico.

March 20, 1940.

John W. Chapman, of Santa Fe, for relator.

C. R. McIntosh and David Carmody, both of Santa Fe, for respondent.

BRICE, Justice.

This is an original action in which an alternative writ of prohibition has been issued commanding the Honorable David Chavez, Jr., as judge of the district court of the First Judicial District to desist and refrain from taking any further proceeding in certain causes pending in the district court of Santa Fe County, in which the City of Santa Fe is plaintiff, insofar as they relate to properties the title to which is claimed by the State, or show cause why he will not.

It appears from an agreed statement of facts that the State of New Mexico (hereinafter referred to as the State) holds tax deeds to certain property situated in the

City of Santa Fe (hereinafter referred to as the City). At the time of the levying of the tax, and of the foreclosure of the tax sale certificates through which the State claims title, the property was encumbered by certain paving assessment liens securing paving bonds legally issued by the City.

Regarding paving assessment liens, it is provided (Sec. 90-1608, Sts.1929): "Such lien when delinquent shall have the effect of a mortgage and may be foreclosed in the method now provided by statute for the foreclosure of mortgages on real estate."

The City (plaintiff in the actions pending in the district court) has foreclosed these paving assessment liens, and through the process of the district court will sell said property for the purpose of liquidating the bonded indebtedness they secure unless prohibited by this court.

The relator's contention, stated in his words, is as follows: "* * * the State of New Mexico, as the title holder of the property, cannot be sued without its consent and that a suit purporting to foreclose liens against the property is a suit against the State. The relator further contends that the State has not given its consent to be sued in the paving lien foreclosure suit, and that therefore, the respondent has no jurisdiction over the subject matter and is without power or authority to proceed further."

We stated in Hammond v. Eighth Judicial Court, 30 N.M. 130, 228 P. 758,

761, 39 A.L.R. 1490: "We recognize the oft-repeated rule that a writ of prohibition is not a writ of right, but instead, is one of sound judicial discretion that is issued or withheld according to the circumstances of each particular case, and which is used with great caution in the furtherance of justice where it is plain that the court, officer, or person against whom it is sought is about to exercise some judicial or quasi judicial power; the exercise of which is clearly unauthorized by law and will result in injury for which no other adequate remedy exists."

The questions are: (1) Has the district court jurisdiction of the subject matter of the pending suits? and (2) Has the State a remedy through district court procedure that will adequately protect its interest?

We are concerned primarily with the question of the jurisdiction of the district court.

"There are three jurisdictional essentials necessary to the validity of every judgment, to wit, jurisdiction of parties, jurisdiction of the subject matter, and power or authority to decide the particular matters presented, * * * and the lack of either is fatal to the judgment." In re Field's Estate, 40 N.M. 423, 60 P. 2d 945, 947.

Also see Protest of Gulf Pipe Line Co., 168 Okl. 136, 32 P.2d 42; Windsor v. McVeigh, 93 U.S. 274, 23 L.Ed. 914; Reynolds et al. v. Stockton, 140 U.S. 254,

11 S.Ct. 773, 35 L.Ed. 464; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; Honea v. Graham, Tex.Civ.App., 66 S.W. 2d 802; Kristanik v. Chevrolet Motor Co. 335 Mo. 60, 70 S.W.2d 890.

■ It is not questioned but that the district court has jurisdiction of the parties to the district court actions, and of the general subject of foreclosure of paving liens. But the contention of relator seems to be that because the State claims title to the property in question that such claim alone deprives the district court of jurisdiction to foreclose the paving liens. Relator states: "It is the contention of the relator that so long as title vests in the State the property cannot be sold under judicial sale for the purpose of satisfying municipal liens."

■ In testing the question of jurisdiction over the subject matter of the district court suits, we are not concerned with the justiciable question of who in fact owns the property involved (Phoenix v. Greer, supra; Murrell v. Stock Growers' Nat'l Bank, 10 Cir., 74 F.2d 827; Manley v. Park, 62 Kan. 553, 64 P. 28); but whether the district court has the power to decide (though its decision may be right or wrong) that the lien should or should not be foreclosed and that the property involved should or should not be sold to satisfy the bonded indebtedness. In other words, the question is whether the district court has the power to deal with the justiciable questions involved in the foreclosure of these particular liens. City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385; Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641; Montgomery v. Equitable Life Assurance Society, 7 Cir., 83 F.2d 758.

■ If it has such power, then the power to sell the property under the foreclosure decree follows as an incident thereto. As the power of foreclosure is given by statute (Sec. 90-1608, supra) the district court has jurisdiction to sell the property in question.

■ The district court suits are in no sense suits against the State, notwithstanding it claims title to the property. It might have intervened in the foreclosure suit as any other litigant, or perhaps have enjoined the contemplated sale of the property, if in fact it is the owner, as relator contends. In any event the State may sue to quiet its title to the property and make all interested persons parties to the suit.

■ It seems that relator's purpose in bringing this action is to have this court in the first instance adjudicate the question of title to the property; a question that should first be litigated in the district court. The fact that the State cannot be sued without its consent does not prevent the City from suing to foreclose liens claimed by it. No rights of the State are jeopardized by such suits, nor by the contemplated sale of property.

The alternative writ will be quashed and the cause dismissed.

It is so ordered.

BICKLEY, C. J., and ZINN, SADLER, and MABRY, JJ., concur.