(No. 6939.   June 26, 1941.)

LEONORA GRACE ROARK, Plaintiff, v. CHARLES F. KOELSCH, Judge of the District Court of the State of Idaho, in and for Ada County, and THE COAST LUMBER COMPANY, a corporation, Defendants.

[115 Pac. (2d) 95.]

S. T. Schreiber, for Plaintiff.

B. W. Oppenheim and W. B. Bowler, for Defendants.

BUDGE, C. J.—From the record it appears that between May 1, 1937, and December 22, 1938, defendant Coast Lumber Company furnished materials, as an original contractor, used in the alteration, repair, and improvement of a dwelling house now, and then, owned by plaintiff and her husband, said property being community property. March 15, 1939, defendant Coast Lumber Company duly filed its materialmen's lien in the office of the county recorder of Ada County. August 5, 1939, the claim of lien in the sum of $85.19 not having been paid, de-

fendant Coast Lumber Company brought an action in the District Court of Ada County to foreclose its lien. On August 11, 1939, plaintiff and her husband were duly served with summons and a copy of the complaint. On September 23, 1939, default was entered. On September 28, 1939, evidence having been duly submitted, a judgment and decree of foreclosure of defendant Coast Lumber Company's materialmen's lien for $85.19 together with interest, attorney's fees, and costs amounting to $178.42, was entered.

Execution was duly issued upon the judgment and decree. The premises involved were sold in accordance with the statute governing the sale of real property under foreclosure, defendant Coast Lumber Company being the purchaser. The sheriff issued to defendant Coast Lumber Company a certificate of sale. After the time allowed under the statutes for redemption had expired, the sheriff executed and delivered a deed to the property to defendant Coast Lumber Company on November 8, 1940, which deed was duly recorded. On December 5, 1940, defendant Coast Lumber Company presented its deed to plaintiff and her husband and demanded possession of the premises, which was refused. April 17, 1941, application was made by defendant Coast Lumber Company to the judge of the District Court for a Writ of Assistance. On April 26, 1941, plaintiff filed her affidavit and motion in opposition to the issuance of the Writ of Assistance. On May 3, 1941, the motion was denied, and on the same date an order was duly made and entered that a Writ of Assistance issue, and the same was issued and delivered to the sheriff of Ada County, directing him to put defendant Coast Lumber Company in possession of the property.

Six days subsequent to the issuance and delivery to the sheriff of the Writ of Assistance, plaintiff applied to this Court for a Writ of Prohibition to be directed to the Honorable Charles F. Koelsch, district judge, and to defendant Coast Lumber Company restraining them, and each of them, from "entertaining, passing upon, proceeding with, trying, and deciding, and ordering any and all motions, proceedings, and actions by themselves or by their officers or agents, and that no further proceedings

in said action be had, and that this Court issue its Writ of Prohibition commanding said District Court and the said Coast Lumber Company from any further proceedings in said action."

Defendants, appearing in opposition to the granting of the Writ of Prohibition, filed a motion to strike the application for the Writ, upon the ground and for the reason, among others, that plaintiff's remedy, if any, was restricted to an appeal from the order of the District Court issuing the Writ of Assistance, not by an application to this Court for a Writ of Prohibition.

■ The order issuing the Writ of Assistance was a special order made after final judgment, and was appealable. (I. C. A., sec. 11-201, subdiv. 2.)

■ The rule would seem to be established in this jurisdiction, that where a Writ of Assistance is issued, a party to the suit at the time of the issuance, must appeal directly from the order issuing the Writ if he desires to contest the same. (*Mills v. Smiley,* 9 Ida. 317, 323; *Bullard v. Superior Court in and for Los Angeles County et al.,* (Cal.) 288 Pac. 629; *August Belmont & Co. et al. v. Superior Court in and for City and County of San Francisco et al.,* (Cal.) 4 Pac. (2d) 158; *Holt v. James et al.,* (Cal.) 101 Pac. 1065; *Struck v. Superior Court in and for Los Angeles County et al.,* (Cal.) 32 Pac. (2d) 1110; *State ex rel. Board of Com'rs for King County,* (Wash.) 131 Pac. 816; 3 Cal. Jur., sec. 12, page 343.)

■ "Before a writ of prohibition will lie, two contingencies must arise; first, that the tribunal, corporation, board or person is proceeding without or in excess of its jurisdiction; second, that there is not a plain, speedy and adequate remedy in the ordinary course of law." (*Olden v. Paxton,* 27 Ida. 597; secs. 4994 and 4995, Revised Codes, now secs. 12-401 and 13-402, I. C. A.)

■ There is no merit in the contention that the District Court in entering its judgment and decreeing a foreclosure of defendant Coast Lumber Company's materialmen's lien. and in issuing the Writ of Assistance, proceeded without or in excess of its jurisdiction. (I. C. A., 54-1005.)[1] Plaintiff was not without a plain, speedy,

---

[1] Sec. 54-1005, I. C. A., provides:

and adequate remedy in the ordinary course of law.

If we are correct in the above holdings, there is no reason to consider, or dispose of, other grounds urged by plaintiff. Therefore, the application for a Writ of Prohibition should be denied, and it is so ordered. Costs to defendants.

Givens, J., concurs. Ailshie, J., concurs in denying the Writ.

MORGAN, J. (Concurring)—The issuance of the writ of prohibition was opposed by defendants on the grounds, among others,

"II

"A district court does not exceed its jurisdiction in foreclosure of a materialmen's lien against property on which there exists a homestead. Section 54-1005, I. C. A.; Section 54-1101, I. C. A."

"III

"A writ of prohibition will not issue to arrest the proceedings of a court when they are not without or in excess of its jurisdiction, and where a plain, speedy, and adequate remedy in the ordinary course of the law exists. * * *"

The foregoing opinion is based on the latter rule, and seems to me to invite an appeal from the order granting the writ of assistance. I would prefer that our decision be based on the rule first above stated because sec. 54-1005 disposes of the entire controversy. It provides:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"2.  On debts secured by ·* * * materialmen's * * * liens upon the premises."

Justice Holden authorizes me to say he concurs in this view.

---

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"2.  On debts secured by * * * materialmen's * * * liens upon the premises."