[No. 32030.   Department Two.   April 17, 1952.]

J. T. SHEFFIELD et al., Plaintiffs, v. EAGLE LION FILMS, INC., Defendant, PATHE INDUSTRIES, INC., Defendant and Relator.[1]

Skeel, McKelvy, Henke, Evenson & Uhlmann and William H. Gates, Jr., for defendant and relator.

Ferguson, Burdell & Armstrong and W. Wesselhoeft, for plaintiffs.

[1]Reported in 242 P. (2d) 1024.

OLSON, J.—This is an original application by defendant-relator Pathe Industries, Inc., a corporation, for a writ of prohibition to prevent the superior court of King county from entering an order denying a motion to quash the service of summons, in accordance with its oral ruling, and from proceeding further with an alleged cause of action against it.

Defendant-relator appeared specially, objected to the court's jurisdiction, and moved to quash the service of summons upon it, claiming that service was not obtained as required by law, and that it has not been and is not now doing business in Washington, and is not subject to the jurisdiction of the court.

The trial court's jurisdiction over the plaintiffs and defendant Eagle Lion Films, Inc., and of the cause between them, is not questioned. Whether or not the court acquired jurisdiction of defendant-relator depends upon at least two issues which turn upon disputed questions of fact, (1) the propriety of the service made upon one of its directors, and (2) construction of a lease and a guaranty to determine whether or not it has consented to submit to the jurisdiction of the courts of the state of Washington, regardless of its contention that it has never done any business in this state.

The jurisdiction of the court in this case depends upon controverted facts. On an application for a writ of prohibition, we will not decide, when the facts are disputed, whether or not the court has jurisdiction. In such a proceeding, we are asked to review the action of the trial court, and to do so neither by an appeal nor by a writ of review. The latter type of proceeding always brings us a complete record, while an application for a writ of prohibition may or may not.

Prohibition is a limited and extraordinary writ. RCW 7.16.290 and 7.16.300 [cf. Rem. Rev. Stat., §§ 1027, 1028] define the writ and provide when and by whom it may be issued. We have held repeatedly that the writ is available only where the court which is sought to be prohibited from further proceedings is acting without or in

excess of its jurisdiction, and then only in cases where there is no plain, speedy, and adequate remedy in the ordinary course of legal procedure. *State ex rel. New York Cas. Co. v. Superior Court,* 31 Wn. (2d) 834, 838, 199 P. (2d) 581 (1948), and cases cited.

The writ is not issued to prevent the commission of mere error, nor to take the place of an appeal, nor to perform the office of a writ of review for the correction of error. *In re Jones,* 39 Wn. (2d) 956, 239 P. (2d) 856 (1952), and cases cited.

It must be remembered that where, as here, a party appears specially and submits issues to the superior court, he is on questionable ground when he seeks to prohibit the court from ruling upon those issues. For the purposes of the motion, it can well be urged that the court has jurisdiction. The essential elements of jurisdiction are present, the proper parties are before the court, the subject matter is within its cognizance, and the point to be decided is within the issues. Whether or not the order upon the motion be correct, does not affect the court's jurisdiction to make it. If it be erroneous, it is not subject to correction by a writ of prohibition, but can only be reviewed by a writ of review or by appeal.

But, because of the claimed inadequacies of the appellate remedy, frequently, as here, the extraordinary writ of prohibition is sought. It has been held in many cases, some of which are reviewed in the case cited below, that, if it is to be obtained at all, a clear showing upon undisputed facts should be made. This is a reasonable requirement of one who finds himself invoking and refuting the court's jurisdiction upon the true subjects of the inquiry, the motion to quash the service of summons, and ascertainment of the court's ultimate jurisdiction of the cause.

The existence and nature of the controverted factual questions in this case distinguish it from cases in which prohibition was held applicable upon a motion similar to the one made in the case at bar. See *State ex rel. Western Canadian Greyhound Lines v. Superior Court,* 26 Wn. (2d)

740, 175 P. (2d) 640 (1946), where many cases are cited, and the subject of prohibition is thoroughly discussed and this distinction indicated. The applicability of the writ should not be broadened.

We cannot consider the ultimate question of the propriety of the indicated ruling of the trial court, because a writ of prohibition is not available to defendant-relator in this case.

The writ is denied.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.

July 9, 1952. Petition for rehearing denied.