262 P.2d 998

**ALLEN v. KEANE et al.**

No. 8047.

Supreme Court of Idaho.

Nov. 7, 1953.

McNaughton & Sanderson, James W. Wayne and Wm. S. Hawkins, Coeur d'Alene, Wm. E. Cullen and R. Max Etter, Spokane, Wash., for appellant.

Keane & Keane and Eugene F. McCann, Wallace, W. H. Langroise, Boise, Brown & Peacock, Kellogg, for defendants.

GIVENS, Justice.

Case No. 11414, Keane v. Coeur d'Alene Consolidated Silver-Lead Mines, Inc., and J. A. Allen et al. in the First District Court, Shoshone County, was brought to restrain a stockholders' meeting of the Coeur d'Alene Consolidated Silver-Lead Mines, Inc., called for July 21, 1951; to marshal the assets of the company, pay creditors and distribute assets to stockholders; for a receiver, and injunction against sale of property by the corporation.

Apparently, July 17, 1953 following a hearing on motion for inspection of the corporate records in case No. 11414, the presiding trial judge ordered inspection of the minutes of all stockholders' and directors' meetings; all books of account, receipts and expenditures; record of debentures and bonds and the form of such bonds (a copy or a facsimile thereof), in the office of the Clerk of the District Court, Shoshone County, August 10, 1953 at 10:15 a. m. until August 12 at 4:45 p. m., such records then to be returned to defendants or upon their request; stock register to be open for Keane's inspection September 1, 1953 at 10:15 a. m. to 4:30 p. m. the next day in the company office in the Powell building in Coeur d'Alene.

Case No. 11963, Keane v. Coeur d'Alene Consolidated Silver-Lead Mines, Inc., et al. in the First District Court, Shoshone County, challenged the stock assessment and sale hereinafter mentioned.

Neither of these cases has been tried.

Plaintiff's petition for an alternative writ of prohibition filed August 8, 1953, alleged Keane was not a stockholder in the Coeur d'Alene Consolidated Silver-Lead Mines, Inc., because of his failure to pay assessments levied on the stock, though the stock had not been sold for such delinquency as

contemplated by Section 30–157, I.C., such sale of stock had been enjoined by an injunction, and therefore and for other reasons, plaintiff contended Keane was not entitled to inspect the books of the company, and sought the writ to restrain the enforcement of the above order of inspection in case No. 11414, and to continue the injunction in case No. 11963 enjoining the sale of Keane's stock. The suspension of the sale of the stock was continued and by the disposition herein, regains its status in the trial court.

Return was made by defendants asserting ownership by Keane of the stock and consequent right of inspection under Section 30–144, I.C., and at the hearing herein by Section 12–302, I.C., and containing many other allegations.

Many other issues and conflicting contentions are raised, referred to and set forth in excerpts from other suits pending between the same parties and interlocking corporations in which they are interested, argued and adverted to, none germane to the issue herein and before us.

■ Prohibition tests only jurisdiction, Stein v. Morrison, 9 Idaho 426, 75 P. 246; Bragaw v. Gooding, 14 Idaho 288, 94 P. 438; Roark v. Koelsch, 62 Idaho 626, at page 629, 115 P.2d 95; 73 C.J.S., Prohibition, § 2, page 11, and will not lie if there is another plain, speedy and adequate remedy. Common School Dist. No. 58 v. Lunden, 71 Idaho 486, 233 P.2d 806; Roark v.

Koelsch, 62 Idaho 626, 115 P.2d 95, supra; 73 C.J.S., Prohibition, § 16, page 86.

Plaintiff horrendously contends that defendant Keane, by a plethora of repetitious suits, prevents the trial of the issue in case No. 11414 and case No. 11963, of whether Keane is a stockholder with rights as such, which underlies the order of inspection; also preventing the trial and disposition of other and attendant series of assertedly unjustifiably litigious actions. Plaintiff's showing herein does not sustain this contention.

■ The learned trial court had jurisdiction of the parties, the subject matter of the suits in both cases No. 11414 and No. 11963 and had jurisdiction respecting an order as to inspection of the records. Pfirman v. Success Mining Co., Ltd., 30 Idaho 468, 166 P. 216; 22 A.L.R. 26; White v. Coeur d'Alene Big Creek Mining Co., 56 Idaho 282, 55 P.2d 720; 15 A.L.R.2d 25; 18 C.J.S., Corporations, §§ 502, 510, pages 1176, 1187. If the order made was erroneous, it was only an error of law, which we do not pass upon, as these underlying and all other issues should and may be tried out in the respective suits. The trial court, therefore, had jurisdiction to make an order and such order is concomitantly reviewable on appeal from the final decree in the above cases. Gropp v. Huyette, 35 Idaho 683, 208 P. 848; Evans v. District Court, 50 Idaho 60, at page 65, 293 P. 323.

This disposes of the only issue properly before us and the alternative writ of pro-

388

hibition heretofore issued is hereby quashed and held for naught.

The only cost in connection with this proceeding, since all the records and briefs were typewritten and prepared in the offices of the respective attorneys, was the initial filing fee paid herein by plaintiff, which remains his obligation.

PORTER, C. J., and TAYLOR, THOMAS, and KEETON, JJ., concur.