The STATE of Wyoming ex rel. Velma Moore SHEEHAN, Petitioner,

v.

The DISTRICT COURT OF the FOURTH JUDICIAL DISTRICT, IN AND FOR JOHNSON COUNTY, and the Honorable John P. Ilsley, Judge thereof, Respondents.

No. 3584.

Supreme Court of Wyoming.

April 13, 1967.

Edward E. Murane, R. R. Bostwick, George G. Greenlee, Casper, for petitioner.

Wm. H. Brown of Brown, Drew, Apostolos, Barton & Massey, Casper, for respondents.

Before GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is an original proceeding in which Velma Moore Sheehan asks the supreme court to prohibit the district court of Johnson County, Fourth Judicial District, and district judge John P. Ilsley from proceeding further in connection with a civil action lodged against her in that court. The petitioner is one of three joint executors of the estate of Thomas C. Moore, deceased, her former husband. The other two joint executors are brothers of the deceased.

It is the claim of petitioner that she, while a resident of California and a nonresident of Wyoming, made application to the probate court of Johnson County for a widow's allowance; that she came to Wyoming as a witness to testify in behalf of her application; and that when she entered the courthouse of Johnson County for that purpose she was served with a summons requiring her to answer to a civil action brought by the two brothers of decedent. The brothers brought the action as co-executors of the estate of Thomas C. Moore, deceased, and as next friends of Jock Moore and Bret Moore, the minor children of deceased and petitioner. Such action was initiated July 26, 1966, in the district court of Johnson County as Civil No. 3927.

According to an amended complaint the plaintiffs, in their action against Mrs. Sheehan, are alleging in a first count that she unlawfully caused or procured her husband Moore's life to be taken by David R. M. Martin, who has been convicted of the murder of Thomas C. Moore. This count shows the cause of action therein asserted is based upon § 2–46, W.S.1957, and brought under the Uniform Declaratory Judgments Act, §§ 1–1049 to 1–1064, W.S.1957. A second count of the amended complaint alleges that Velma Moore Sheehan is liable in damages for the wrongful death of her husband Moore.

The prayer of the amended complaint is for a declaratory judgment that Velma Moore Sheehan is not entitled to inherit or take by devise or legacy any portion of the estate of Thomas C. Moore, nor retain any portion of the proceeds of any life insurance policy, nor take any other benefits arising upon the death of Thomas C. Moore. Also, judgment against the defendant is asked for the wrongful death of decedent.

The grounds upon which Mrs. Sheehan seeks to obtain a permanent prohibition are these:

1. That the respondent court and judge have no jurisdiction of the person of the petitioner.

2. That the district court of Johnson County, as a civil court, has no jurisdiction over the subject matter of the first count of plaintiffs' amended complaint.

3. That no action can be brought against petitioner in connection with the first count of plaintiffs' amended complaint, unless and until the petitioner is first convicted of feloniously causing or procuring another to feloniously take the life of Thomas C. Moore.

4. That the respondent judge and court have no jurisdiction to proceed in the wrongful death count of the amended complaint because such a suit is prohibited by law.

*Jurisdiction of the Person*

Before defendant-Mrs. Sheehan can claim the district court of Johnson County has no jurisdiction over her person, she must first establish that she was a nonresident of Wyoming when served with process. She stands on the proposition that nonresidents are immune from service of process while

voluntarily attending the trial of a matter in which the nonresident is a witness. *State ex rel. Brainard v. District Court, Eighth Judicial District In and For Natrona County*, 34 Wyo. 288, 243 P. 123; and 42 Am.Jur., Process, § 142, are cited as authority for the rule relied upon.

Before confirming or denying the correctness of the rule of law relied upon, we should see whether the defendant has made a sufficient showing of nonresidency in Wyoming to justify use of the extraordinary writ of prohibition.

The petition for prohibition was signed on behalf of Mrs. Sheehan by her attorneys, Edward E. Murane and R. R. Bostwick, each of whom verified the petition to be true "as he verily believes." One of the allegations of the petition is that petitioner was a resident of California when served with process in civil case No. 3927. Also, excerpts from a deposition of Mrs. Sheehan have been submitted. In it she stated her permanent address is 433 Casa Verde, Monterey, California.

In contradiction of the claim that Mrs. Sheehan's permanent address is 433 Casa Verde, Monterey, California, respondents have submitted an affidavit by the manager of the apartments at this address. It states Velma Moore Sheehan and Frank O. Sheehan became tenants of an apartment there in July, 1966, and that in December, 1966, they moved from the premises as Mr. Sheehan was transferred to Germany for military duty. Also, the deposition indicates there was a mutual agreement of counsel on the time and place for Mrs. Sheehan's deposition, because of her reported early departure for Germany where her husband is in the service.

We cannot overlook the fact that the petition for prohibition alleges Mrs. Sheehan is a co-executor in Wyoming of the estate of Thomas C. Moore; that on July 26, 1966, she appeared in the district court of Johnson County, "in her capacity as a co-executor"; and that she was served at that time with summons and complaint in civil case No. 3927.

Section 2–52, W.S.1957, requires that whenever it shall appear to the judge having jurisdiction that any individual named as an executor is not a resident of this state, the court shall require such executor to designate some resident or some bank or trust company of the state as agent or attorney, upon whom any process issued out of the "courts" of this state may be served, which service shall have the same force and effect as if served upon such person, nonresident executor, in person; and if any nonresident executor fails to appoint such agent or attorney, the court shall revoke his authority to act.

■ Of course, if Mrs. Sheehan really became a nonresident of Wyoming prior to July 26, 1966, she should have caused a resident agent to be named upon whom process issued out of the "courts" of this state could be served. Having failed to do so, she cannot complain if the court in which civil case No. 3927 was filed considered her a resident. Her failure to comply with § 2–52 at least leaves a presumption against her nonresidency.

Moreover, the petition for prohibition recites that a motion was made on behalf of Mrs. Sheehan, the defendant in civil case No. 3927, as a result of which the district court dismissed five or six counts in the original complaint in civil case No. 3927; and held plaintiffs could file an amended complaint. Such an amended complaint was in fact filed and served on or about October 10, 1966.

■■ Generally speaking, a prima facie presumption of jurisdiction arises from the exercise of it. Thus, it will be presumed, from the action of the district court in hearing and allowing defendant's motion to dismiss certain counts of plaintiffs' complaint in civil case No. 3927 and in allowing plaintiffs to amend, that jurisdiction over the subject matter and parties was rightfully acquired and exercised; and the burden is on the party asserting want of jurisdiction to show such want. See 21 C.J.S. Courts § 96, p. 149; *Jackson v. Bobbitt*, 253 N.C. 670,

117 S.E.2d 806, 808; and Wilson v. Duncan, 188 Okl. 456, 110 P.2d 596, 600.

Additional allegations of the petition for prohibition set forth that, following the filing of plaintiffs' amended complaint in civil case No. 3927, Velma Moore Sheehan made a motion in the district court to quash the service of process on the ground that defendant was not subject to service of process because of being a nonresident when process was served. This motion was supported by defendant's affidavit stating she was a resident of California and a nonresident of Wyoming when served with process. The motion, however, was resolved against her, leaving again a presumption that the district court considered and decided against the contention that Mrs. Sheehan was a nonresident of this state.

■ Any affirmative action of this nature on the part of any court implies that it has ascertained that it had jurisdiction. 21 C.J.S. Courts § 96, p. 150; Ross v. Pitcairn, Mo., 179 S.W.2d 35, 37, 153 A.L.R. 215; Wilson v. Duncan, 188 Okl. 456, 110 P.2d 596, 600. See also High v. High, 41 Wash.2d 811, 252 P.2d 272, 274.

In view of the presumptions which arose (1) from Mrs. Sheehan continuing as a resident co-executor of the Moore estate in Wyoming; (2) from the court's exercise of jurisdiction in civil case No. 3927; and (3) from the court's finding against nonresidency in connection with the motion to quash service of process, it is at least doubtful whether the unsupported allegations of petitioner, in her petition and in her affidavit, are sufficient to sustain her burden and to make out a case of nonresidency strong enough for us to invoke the extraordinary remedy of prohibition.

■ But aside from the question of residency, the petition for prohibition must fail because Mrs. Sheehan, as the defendant in civil case No. 3927, submitted herself to the jurisdiction of the district court in Johnson County and waived her right to object thereto. After being served with summons and complaint in case No. 3927,

Mrs. Sheehan at first filed motions against the complaint asserting (1) lack of jurisdiction over the subject matter, and (2) a failure to state a claim upon which relief could be granted in five of the six counts alleged. These motions did not include the defense of lack of jurisdiction over defendant's person or insufficiency of service of process. The court allowed defendant's motion to dismiss as to the first five counts, subject however to the right of plaintiffs to amend with respect to the causes dismissed. As we have already indicated, after the amended complaint of the plaintiffs was filed, defendant then sought by motion to quash the service of process and asserted for the first time a lack of jurisdiction over the person of defendant.

■ Under code pleading the defendant was required to appear specially to assert a defense founded upon insufficiency of process. An appearance for any other purpose was general and thereby submitted the defendant to the jurisdiction of the court. Honeycutt v. Nyquist, Petersen & Co., 12 Wyo. 183, 74 P. 90; Public Service Commission of Wyoming v. Russell, 51 Wyo. 463, 68 P.2d 597, 601–602. Although this strict rule of pleading has been changed under our rules of procedure, it is still necessary for a defendant to question the jurisdiction of the court over his person at his earliest opportunity. Otherwise such a defense will be considered to be waived.

Subdivision (b) of Rule 12, W.R.C.P., enumerates seven defenses which may at the option of a pleader be made by motion. One of those defenses is lack of jurisdiction over the person. Then, under subdivision (g) of Rule 12, it is specified a party who makes a motion under this rule may join with it the other motions therein provided for and then available to him. Following this authorization the rule states, in pertinent part, this:

"* * * If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a

motion based on any of the defenses or objections so omitted * * *."

■ Subdivision (h) of Rule 12 also states that a party waives all defenses and objections which he does not present by motion or, if he has made no motion, in his answer or reply. Certain exceptions to such waiver are set out, but none of the exceptions relate to a lack of jurisdiction over the person. It is evident, therefore, that the result is the same under our rules of procedure as it was under code pleading as far as an objection to the court's jurisdiction over the person is concerned, except that a defendant can raise the objection by motion or answer without appearing specially. If a defendant makes one or more motions permitted under Rule 12(b), the defense of lack of jurisdiction over the person of defendant must be included or it will be waived. See Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871, 874; and Carter v. Powell, 5 Cir., 104 F.2d 428, 430.

■ The petitioner claims the amended complaint materially changed plaintiffs' causes of action; that she did not realize she was being sued in a civil action until the amended complaint was filed; that she had until then assumed the matter was strictly a probate proceeding. We find no merit in this contention, and we have been cited no authority for considering it an excuse for petitioner's failure to raise the defense of lack of jurisdiction over the person at her first opportunity.

We think we made it clear in Gaunt v. Kansas University Endowment Association of Lawrence, Kansas, Wyo., 379 P.2d 825, that an action brought in a district court, when the action is not made a part of probate proceedings, cannot be said to be in the probate arm of the court. In this instance the action against petitioner was initiated with a complaint and summons and the title of the cause showed it was "Civil No. 3927." Moreover, the prayer of the original complaint clearly showed a declaratory judgment was sought and that a money judgment was sought for wrongful death.

Under these circumstances, we fail to see how the action could have been considered anything but a civil action.

Respondents say petitioner never could properly claim immunity from the service of process in civil case No. 3927, even if her other arguments were valid, because the immunity rule for a nonresident has been held not to be applicable where there is identity between the matter in which the nonresident appears and that in which service of process is claimed. See 72 C.J.S. Process § 80, p. 1115, for a statement of such an exception to the nonresident immunity rule.

We have already said enough, however, to justify a conclusion that the district court had jurisdiction over the person of defendant, and we need not consider whether there is identity between the application for a widow's allowance and the suit of plaintiffs; nor whether such identity, if present, would render the nonresident immunity rule inapplicable.

### Jurisdiction of Subject Matter

■ The second point urged by petitioner as a reason for granting prohibition is that the district court, as a civil court, has no jurisdiction of the subject matter of the count which seeks a declaratory judgment. Apparently it is the theory of petitioner, in urging this point, that the subject matter of the count for declaratory judgment is a probate matter which should be handled and disposed of in the probate court and not in the district court as a civil court.

In Church v. Quiner, 31 Wyo. 222, 224 P. 1073, 1074, it was concluded, after a thorough consideration of the matter, that the probate jurisdiction of a district court does not include power to determine the priority of conflicting assignments of an interest in an estate. At 224 P. 1075, the court cited with approval from Martinovich v. Marsicano, 137 Cal. 354, 70 P. 459, to the effect that matters of probate do not include the determination of whether an heir or devisee has conveyed or assigned his share of an estate.

It follows *a fortiori* that if matters of probate do not include a determination of whether an heir or devisee has conveyed or assigned his share of an estate, then matters of probate do not include a determination of whether he has forfeited his share of an estate.

On petition for rehearing in In re Stringer's Estate, 80 Wyo. 426, 343 P.2d 508, 345 P.2d 786, 789–790, Justice Harnsberger wrote for this court, specifying matters to be considered in probate. He then added that any right or claim against the estate arising through contract must be asserted in an independent action against the administrator or executor. It is a similar sort of thing when the minor sons of Thomas C. Moore assert a claim to that portion of decedent's estate which was devised to petitioner. They claim not as devisees or legatees under the will, over which the probate court has jurisdiction, but under a statutory right.

According to § 2–46, W.S.1957, if Mrs. Shechan feloniously took, or caused or procured another so to take the life of Thomas C. Moore, then she is not entitled to inherit from him or take any benefits arising from his death. The statute provides, in such event, that all benefits which would otherwise accrue to her shall become subject to distribution among the other heirs of the deceased "according to the rules of descent and distribution."

This statute is similar in effect to our wrongful death statute, § 1–1066, W.S. 1957, which provides that the amount received in any such action shall be distributed to the parties and in the proportions provided by law for the distribution of personal estates left by persons dying intestate. It seems clear in wrongful death actions that any amount received for the death does not become a part of the estate of the deceased, and wrongful death actions are civil actions. Tuttle v. Short, 42 Wyo. 1, 288 P. 524, 529, 70 A.L.R. 106. See also Probate Jurisdiction in Wrongful Death Actions by V. J. Tidball, 2 Wyo.L.J. 109.

These things considered, we conclude the district court, as a civil court, has jurisdiction of the subject matter of the first count of plaintiffs' complaint pertaining to a declaratory judgment.

*Is Criminal Conviction Necessary?*

The petitioner contends she must first be convicted in a criminal trial before the forfeiture of § 2–46 can be invoked against her. We find nothing unusual about this contention. It is similar to those contentions and questions which might arise in any ordinary action. To say the decision of the district court with respect to this question is reviewable on a petition for prohibition would be to say that any crucial question decided by a district court, at any stage of a lawsuit, could be immediately reviewed in the supreme court on a petition for prohibition.

Prohibition tests only jurisdiction. It will not issue where there is a plain, adequate and speedy remedy in the ordinary course of the law. Allen v. Keane, 74 Idaho 385, 262 P.2d 998, 999; State ex rel. Fulton v. District Court of Eighth Judicial District, In and For Cascade County, 139 Mont. 573, 366 P.2d 435, 436; State ex rel. Owen v. District Court of Sheridan County, Wyo., 393 P.2d 806.

The right of appeal from final orders and judgments of a trial court is usually an adequate remedy, especially if there is no showing of harassment, or that undue hardship would result, or that no apparent cause of action has been asserted. Bowles v. Superior Court of City and County of San Francisco, 44 Cal.2d 574, 283 P.2d 704, 709; Gasper v. District Court of Seventh Judicial Dist., In and For Canyon County, 74 Idaho 388, 264 P.2d 679, 680; Sheffield v. Eagle Lion Films, 40 Wash.2d 361, 242 P.2d 1024, 1025.

Of course a writ of prohibition is not a writ of right but is one of sound judicial discretion. It is issued or withheld according to the circumstances of each particular case. It is not issued in a doubtful case. State ex rel. State Tax Com-

mission v. Chavez, 44 N.M. 260, 101 P.2d 389, 390; State ex rel. O'Brien v. Police Court of Seattle, 14 Wash.2d 340, 128 P.2d 332, 335–336, 141 A.L.R. 1257; State ex rel. Powell v. Ilsley, Wyo., 387 P.2d 676, 677.

If Mrs. Sheehan, as petitioner in the case before us, had been able to show a lack of jurisdiction over the person or a lack of jurisdiction over the subject matter, or if she had been able to show extraordinary circumstances rendering the usual and ordinary processes of law inadequate, it is possible her application could be allowed. Having failed in these showings, however, she cannot expect prohibition to issue merely to test the district court's ruling on one of her motions—a motion to dismiss the first count of plaintiffs' amended complaint, in civil case No. 3927, on the ground that such count failed to state a claim upon which relief could be granted.

Petitioner seems to be fearful that if a civil court tries the issues asserted in plaintiffs' complaint, she will suffer a lack of due process and denial of certain constitutional rights, in particular the right not to be compelled to testify against herself. She overlooks the fact, however, that constitutional guarantees and immunities are just as binding on civil courts as they are on criminal courts. She can therefore expect the civil court which tries the issues involved in civil case No. 3927 to be zealous in the protection of all her rights, and to see that she and plaintiffs also are afforded due process of law.

■ It is apparent from the papers before us that Mrs. Sheehan has already elected, in an attempted deposition, not to testify in this case for the reason that her testimony might tend to incriminate her. In view of this election, we think it would be improper for plaintiffs in the district court action to make any further attempt, in the presence of a jury, to call Mrs. Sheehan as a witness—unless she first opens the door herself and waives her immunity from testifying.

■ We also think it would be improper for plaintiffs or their attorneys to make any comment to a jury, which would directly or indirectly convey knowledge of the defendant's election, under her constitutional immunity, not to testify. Any violation of these rights on the part of defendant, by plaintiffs or their attorneys, might indeed cause a mistrial.

■ Of course, we are not unmindful that our rules of civil procedure give the right for a party in a civil action to call an adverse party for cross-examination. But constitutional provisions and guarantees necessarily supersede and override conflicting statutory provisions and rules, and in this instance the right of the defendant to be protected in the election she has already made supersedes the right of plaintiffs to call her as a witness.

### Wrongful Death Count

■ The petitioner challenges the right of personal representatives of her late husband to maintain an action for wrongful death. The basic reason for this challenge is the rule against suits between spouses, or between children and their parents. It is pointed out that our wrongful death statute, § 1–1065, W.S.1957, gives a right of action only in cases where the wrongful act is such as would (if death had not ensued) have entitled the party injured to maintain an action for damages.

The petition for prohibition alleges that a motion was made in the district court for summary judgment in favor of defendant on the wrongful death count of plaintiffs' amended complaint. This motion was made on the ground that there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. After arguments on motions questioning jurisdiction over the person and jurisdiction of the subject matter, petitioner alleges, the court declined to hear arguments on her motion pertaining to the wrongful death count and summarily denied such motion.

Without passing upon the merits of petitioner's contentions with respect to whether she is entitled to judgment as a matter of law on plaintiffs' wrongful death count, we prefer to adopt the reasoning of our decision in State ex rel. Owen v. District Court of Sheridan County, Wyo., 393 P.2d 806, and take the position that petitioner has an adequate remedy at law available to her in the ordinary course of law. She still has the right to urge in the district court her contention that plaintiffs' wrongful death count does not state a claim upon which relief can be granted; and in the end, if judgment is against her on this count, she has the usual remedy of appeal.

No sufficient cause for the issuance of a permanent writ of prohibition has been presented, and the writ must be denied.

Denied.

HARNSBERGER, C. J., not participating.