KATHLEEN K. KANESHIRO *v.* ROY R. BELISARIO.

No. 4825.

MARCH 12, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON,
AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The primary question raised by this appeal is whether the party bringing a civil suit may comment to the jury on the defendant's assertion of his right against self-incrimination. Kathleen Kaneshiro, represented by the Corporation Counsel of the City and County of Honolulu, petitioned the family court pursuant to HRS § 579-1 (1) for an adjudication of paternity against Roy Belisario, (2) for an order of reimbursement of expenses incurred because of the petitioner's pregnancy and the birth of her child, and (3) for an order to provide for the support, maintenance, and education of the child until 20 years of age. The defendant appeals from an adverse judgment following a jury trial.

During the trial at her attorney's request, the petitioner was allowed to carry her child "back and forth" before the jury box. The request for the exhibition had been objected to by the defendant as unduly prejudicial. The court per-

mitted the exhibition stating: "All babies look like Winston Churchill. They may display the baby to the jury."

Later in the trial, the petitioner called the defendant as a witness. At that time the defendant invoked his right against self-incrimination and refused to testify. This was sustained by the court and the defendant did not take the stand. However, in summation to the jury, the petitioner referred to the defendant's assertion of his right against self-incrimination saying:

> I called to the stand the defendant, Mr. Roy Belisario, and, as you recall, Mr. Belisario on that day refused to take the stand, and the reason he refused to take the stand was that he felt that the evidence, or the testimony, that he might give might prove to be self-incriminating.

The defendant subsequently moved for a mistrial and a new trial on the grounds that such comment on the defendant's use of his constitutional right was error. His motion was denied by the trial court. He appeals from that ruling.

## I. EXHIBITION OF THE CHILD TO THE JURY.

We follow our decision in *Almeida* v. *Correa*, 51 Haw. 594, 465 P.2d 564 (1970), to the effect that an exhibition of the child to the jury for the purpose of showing resemblance to the putative father is impermissible. Such an exhibition was reversible error and warrants a new trial.

## II. COMMENT ON ASSERTION OF RIGHT AGAINST SELF-INCRIMINATION IN A CIVIL PROCEEDING.

The Fifth Amendment of the United States Constitution provides in pertinent part that no person "shall be compelled in any Criminal Case to be a witness against himself." Article I, section 8 of the Hawaii Constitution

is similarly worded. Neither the text nor the history of the "great privilege"—more properly designated as a "right"—afford any indication of the scope of its present application. *Miranda* v. *Arizona,* 384 U.S. 436, 460 (1966) ; *see generally* L. Levy, *Origins of the Fifth Amendment, The Right Against Self-Incrimination* (1968). The United States Supreme Court has ruled that the right applies to the states through the Fourteenth Amendment and is further applicable to civil as well as criminal proceedings. *Malloy* v. *Hogan,* 378 U.S. 1 (1964) (applying the right to the states) ; *Spevack* v. *Klein,* 385 U.S. 511 (1967) (state disbarment proceeding) ; *McCarthy* v. *Arndstein,* 266 U.S. 34, 40 (1924) (bankruptcy proceeding).

As decisions of the United States Supreme Court involving the Fifth Amendment have proliferated, the rationales underlying the right against self-incrimination have become the subject of close and often critical analysis.[1] In Wigmore's treatise on Evidence, twelve separate arguments have been advanced in justification of the right. 8 Wigmore, *Evidence* § 2251 at 310-318 (McNaughton rev. 1961). Yet we need not pick and choose among diverse and disputed rationales at this time. It suffices in this case to consider whether the prohibition of official comment on a defendant's invocation of the right against self-incrimination in a civil proceeding aligns itself with recognized policies and case law supporting the right embodied in our state and federal constitutions.

While it is clear that United States Supreme Court decisions and Hawaii law prohibit prosecutorial comment on the accused's assertion of the right in a criminal proceeding, *Griffin* v. *California,* 380 U.S. 609 (1965), HRS

---

[1] *See, e.g.,* 8 Wigmore, *Evidence* § 2251 (McNaughton rev. 1961) ; W. Schaefer, *The Suspect and Society* 59-81 (1967) ; Friendly, *The Fifth Amendment Tomorrow: The Case for Constitutional Change,* 37 U. Cinn. L. Rev. 671 (1968) ; McKay, *Self-Incrimination and the New Privacy,* 1967 Supreme Court Rev. 193.

§ 621-15, it is unsettled constitutional law whether the same rule holds true in a civil case where the defendant asserts his right.[2] Today we hold the "no comment" rule applicable to civil proceedings where the defendant asserts his right to remain silent, and base our decision on the United States and Hawaii Constitutions.

In *Tehan* v. *Shott,* 382 U.S. 406, 415-16 (1966), Mr. Justice Stewart set out the policies which supported the "no comment" rule recognized in *Griffin,* while refusing to apply that rule retrospectively to convictions in which there had been similar comment. Speaking for the Court, he said:

> [T]he basic purposes that lie behind the privilege against self-incrimination do not relate to protecting the innocent from conviction, but rather to preserving

---

[2] Although counsel for neither side has been of help in adequately briefing this very significant issue, our research reveals that there is substantial conflict among state and federal court decisions concerning the legal effect of asserting the right against self-incrimination at various points in a civil proceeding.

Some courts have refused to strike the answer of a defendant who asserted his right on discovery or in his pleadings. Steinbrecher v. Wapnick, 24 N.Y.2d 354, 300 N.Y.S.2d 555, 248 N.E.2d 419 (1969) (discovery). Other courts have granted summary judgment against the party invoking the right. Gerard v. Young, 20 Utah 2d 30, 432 P.2d 343 (1967) (note the vigorous dissent).

Some courts appear to differ depending upon whether it is the plaintiff or the defendant who asserts the right. *Compare* Levine v. Bornstein, 13 Misc. 2d 161, 174 N.Y.S.2d 574 (1958), *aff'd,* 6 N.Y.2d 892, 190 N.Y.S.2d 702, 160 N.E.2d 921 (1959), *with* Steinbrecher v. Wapnick, *supra.*

Some courts may be ready to reconsider their earlier rulings due to later decisions rendered by the United States Supreme Court discussed in our opinion today. *Compare* Simkins v. Simkins, 219 So.2d 724 (Fla. Ct. App. 1969), *with* Stockham v. Stockham, 168 So.2d 320, 4 A.L.R.3d 539 (Fla. 1964).

Finally at least one court has hinted that comment on a defendant's exercising the right is improper. State ex rel. Sheehan v. District Court of Fourth Judicial District, 426 P.2d 431, 438 (Wyo. 1967).

For general discussions of the problem involved see Note: *The Privilege Against Self-Incrimination in Civil Litigation,* 1968 Ill. L. Forum 75; Note; *Use of the Privilege Against Self-Incrimination in Civil Litigation,* 52 Va. L. Rev. 322 (1966) ; Donnici, *The Privilege Against Self-Incrimination in Civil Pre-Trial Discovery: The Use of Protective Orders to Avoid Constitutional Issues,* 3 U.S.F.L. Rev. 12 (1968).

the integrity of a judicial system in which even the guilty are not to be convicted unless the prosecution "shoulder the entire load." . . . [I]nsofar as strict application of the federal privilege against self-incrimination reflects the Constitution's concern for the essential values represented by "our respect for the inviolability of the human personality and of the right of each individual 'to a private enclave where he may lead a private life,' " any impingement upon those values resulting from a State's application of a variant from the federal standard cannot now be remedied [footnote omitted].

. . . [T]he Fifth Amendment's privilege against self-incrimination is not an adjunct to the ascertainment of truth. That privilege, like the guarantees of the Fourth Amendment, stands as a protection of quite different constitutional values—values reflecting the concern of our society for the right of each individual to be let alone. To recognize this is no more than to accord those values undiluted respect.

Thus the policies to be considered in evaluating the "no comment" rule are (1) the preservation of official morality in which the state must independently prove its case, and (2) the preservation of individual privacy. They represent opposite sides of the scheme behind the Constitution and the Bill of Rights which operates "to take government off the backs of people." *Schneider* v. *Smith,* 390 U.S. 17, 25 (1968). See McKay, *Self-Incrimination and the New Privacy,* 1967 Supreme Court Rev. 193, 206-14.

From another point of view the United States Supreme Court teaches us that a person has a "right to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no *penalty* . . . for such silence." *Malloy* v. *Hogan,* 378 U.S. 1, 8 (1964) [emphasis added]. Further that Court said in *Spevack* v. *Klein,*

385 U.S. 511, 515 (1967) that "[i]n this context 'penalty' is not restricted to fine or imprisonment. It means, as we said in *Griffin* v. *California*, 380 U.S. 609, the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.' "[3]

We find that the comment by the petitioner imposed a burden on the defendant's exercise of his right against self-incrimination. The petitioner's comment emphasized the defendant's invocation of his constitutionally guaranteed right, quite obviously to the defendant's detriment. *Compare State* v. *Baxter,* 51 Haw. 157, 454 P.2d 366 (1969). Further, were the defendant provoked to take the witness stand under the threat of comment, any testimony given by him would be admissible in a subsequent criminal proceeding as a party admission. *Hale* v. *United States,* 406 F.2d 476 (10th cir. 1969); *see Harrison* v. *United States,* 392 U.S. 219, 222 (1967). Such a result would frustrate the recognized policy of maintaining an accusatorial system of criminal justice.

The policy of providing the individual with a constitutionally protected aura of privacy is also promoted by disallowing any comment. If the defendant has a right to remain silent, this guarantee should be fully implemented. This is especially the situation when the party asserting his right is involuntarily in court at the behest of the petitioner. We therefore hold that in a civil proceeding the assertion of defendant's right against self-incrimination is protected by the state and federal constitutions and shall not be the subject of any comment or adverse inference by the opposing party.

All other specifications of error are without merit.

Reversed and remanded for a new trial.

---

[3] Rule 5-13 of the Proposed Rules of Evidence for the United States District Courts and Magistrates (1969), prohibits comment by judge or counsel on the claim of any evidentiary privilege. See also comment to Rule 5-13.

Helen B. Ryan (*Joseph A. Ryan* with her on the briefs, *Ryan & Ryan* of counsel) for defendant-appellant.

*Wayne Luke*, Deputy Corporation Counsel, City & County of Honolulu (*Paul Devens*, Corporation Counsel, with him on the brief) for petitioner-appellee.

CONCURRING OPINION OF KOBAYASHI, J.

With the qualification hereinafter mentioned, I agree with today's holding that the petitioner cannot comment on the defendant's exercise of his right against self-incrimination and I subscribe to the court's opinion for said conclusion. However, there is danger that the court's opinion "We therefore hold that in a civil proceeding the assertion of defendant's right against self-incrimination is protected by the state and federal constitutions * * *" is too broad. If implicit in said opinion a defendant, in a given case, can claim such right against self-incrimination and yet demand the benefits of a status for which he refuses to demonstrate his fitness, then I respectfully dissent to the broad application of today's holding. *See Spevack* v. *Klein*, 385 U.S. 511, Harlan, J., dissenting at 525, 526 (1967); *Gardner* v. *Broderick*, 392 U.S. 273 (1968).

For reasons stated in my dissent in *Almeida* v. *Correa*, 51 Haw. 594, 465 P.2d 564 (1970), I do not join the court's opinion insofar as it holds that the exhibition of the child to the jury constitutes reversible error.